Sturdy v. St. Charles Land & Cattle Co.

---

GEORGE STURDY, Respondent, v. ST. CHARLES LAND & CATTLE COMPANY, Appellant.

St. Louis Court of Appeals, November 27, 1888.

1. New Trial: NEWLY-DISCOVERED EVIDENCE. When it appears from the affidavits filed in support of the defendant's motion for a new trial, on the ground of newly-discovered evidence, that the newly-discovered witness was manager of the work constituting the subject-matter of the suit, and presumably familiar with the facts chiefly in controversy, that when the nature of his testimony was ascertained, he was found still residing in the same county where the work was done ; and when it is not shown that the witness had not resided in the same county a sufficient time for the taking of his deposition before the trial, or that any inquiry had been previously made for the purpose of learning his whereabouts, there is no sufficient showing of diligence on the part of the applicant to justify the granting of a new trial on the ground claimed.

2. Justices' Courts: STATEMENT. A statement filed with a justice of the peace is sufficient, when it is plain enough to identify the action so as to bar another action for the same subject.

Sturdy v. St. Charles Land & Cattle Co.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Mills & Flitcraft,* for the appellant.

The court should have granted a new trial on
account of the newly-discovered evidence. The evi-
dence was material. It showed that Sturdy had not
worked the number of days he claimed to have worked.
This evidence came from the time-keeper who was the
only person who could have testified on the subject. This
evidence would undoubtedly have changed the result.
The evidence was not accessible until after the trial.
The evidence proposed, both in weight and character,
conforms to all of the requirements, and calls very per-
suasively for a new trial. The statement is so defective
as to require this court to arrest the judgment. The state-
ment required by sections 2851 and 2852, Revised Stat-
utes, 1879, differs from that required prior to the revis-
ion. Formerly the statement could be eked out by an oral
statement before the justice. This cannot now be done.
*Smith v. Zimmerman,* 29 Mo. App. 254 ; *Rosenberg v.
Boyd,* 14 Mo. App. 429. There may be an abundance
of evidence, but this will not supply defects in the state-
ment. *Inhabitants of Butler v. Robinson,* 75 Mo. 192 ;
*State ex rel. v. Baker,* 74 Mo. 394. The statement in
*Hill v. Ore & Steel Co.,* 90 Mo. 104, was more fully
itemized than in this case, but was condemned as insuffi-
cient. See also *Butts v. Phelps,* 79 Mo. 302. The
statement must contain averments of facts, and this does
not. *Butts v. Phelps,* 90 Mo. 674. The statement in
this case is in substantially the same terms as the one in
*Weese v. Brown,* 28 Mo. App. 522, which was held to
be insufficient. Judge Phillips, in his argument, loses
sight of the change in the statute, omitting the provision
permitting an oral statement of the cause of action

before the justice.    The change is significant, and calls for pleadings in the justices' courts, substantially the same as in the circuit courts.

*John A. Lewis*, for the respondent.

The statement filed before the justice was sufficient under our statutes.    The statement filed before a justice of the peace must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action for same claim.    R. S. secs. 2851, 2852 : *Razor v. Railroad*, 73 Mo. 473; *Allen v. Monagle*, 77 Mo. 478 ; *Hale v. Vandover*, 67 Mo. 733 ; *Barbora v. Occidental Grove*, 4 Mo. App.    429 ; *Armstrong v. Kelerher*, 71 Mo. 492.    The court committed no error in refusing a new trial on the affidavit of the absent witness. Before a new trial will be granted on such grounds it must be shown :    (1) That the evidence has come to his knowledge since the trial ; (2) that it was not owing to the want of due diligence that it did not come sooner ; (3) that it is so material that it would probably produce different results if granted ; (4) that it is not cumulative ; (5) the affidavit of the witness should be produced or his absence accounted for ; (6) that its object is not to impeach the character of a witness.    *State v. Ray*, 53 Mo. 345;    *Whalen v. Railroad*, 60 Mo. 323.    "The refusal to grant a new trial on the discovery of new evidence is not ground for a reversal, unless it clearly appears that the court abused its discretion in the matter."    *Franklin v. Holle*, 7 Mo. App. 241 ; *Southern Express Co. v. Moeller*,    85 Mo. 208 ; *Schoenlau v. Friesse*, 14 Mo. App. 436; *State v. Butler*, 67 Mo. 59. "Not entitled to a new trial where the evidence is accessible to him before the trial."    *Maxwell v. Railroad*, 85 Mo. 95.    "Evidence which is cumulative or not sufficiently material to probably change the result will not warrant the granting of a new trial."    *State v. Redemeier*, 71 Mo. 173 ; *Culbertson v. Hill*, 87 Mo. 573.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on the following statement of account :

St. Charles Land and Cattle Co., a corporation, and L. S. Holden to George Sturdy, Dr.

To services of self and team from April
. 26th to October 25th, 1886, 157 days at
$2.50 per day as per agreement ......$392 50
Credit by cash...... ................. 158 00

Balance due.......... .............. .....$234 50

On a trial anew in the circuit court before the judge sitting as a jury, the plaintiff had a verdict and judgment, from which the defendant prosecutes this appeal. Three errors are assigned.

I.   The first is, that a new trial should have been granted on the ground of newly-discovered evidence. This ground in the motion for a new trial was supported by the affidavit of Mr. Holden, president of the defendant corporation, and also by the affidavit of James L. Edelin, the absent witness.   In our opinion, the affidavit of the defendant's president, who deposed that he had charge of this litigation for the defendant, does not state facts which show sufficient diligence to enable us to say that the circuit court abused its discretion in refusing to grant a new trial on this ground.   In the first place, this affidavit, in so far as it states that the affiant did not know that the absent witness was possessed of the information which the affiant now states that he will testify to, is quite opposed to the probabilities of the case, as shown by other parts of the same affidavit and also by the affidavit of the absent witness himself.   These affidavits show, that during a considerable portion of the time when the plaintiff worked upon the ranch of the defendant corporation, the absent witness was manager of the ranch,—a circumstance which of itself would suggest to the mind of any one that he

would be a material witness upon the controverted question as to the time which the plaintiff had worked and the time which he had lost, and perhaps upon other questions. Then, it further appears that the ranch of the defendant corporation, on which the plaintiff did the work for which this action is brought, was situated in St. Charles county, and this absent witness when he is discovered, is found residing in the same county. It is not said that he was not residing in the same county at a sufficient time before the trial to procure his deposition; and, as an affidavit for new trial on this ground is always closely scrutinized and taken strictly against the party making it, it is to be presumed that he was a resident of St. Charles county all the time. Nor will the general statement in the affidavit of the defendant's president, that after Edelin left the defendant's ranch the affiant had no means of knowing where he could be found, help out this motion; because it fails to state that he made any inquiry for the purpose of ascertaining where the absent witness was. It is scarcely to be credited that when a man leaves a place and goes to reside at another place in the same county, if his deposition or attendance as a witness is desired, his whereabouts cannot be found upon reasonable inquiry. Nor can the general statement of this affidavit that the affiant used due diligence, help it out, in the absence of a showing of facts which justify the conclusion that such was the case.

II. The next assignment of error is that the statement of account which was filed before the justice of the peace is insufficient. It seems to us that the statement is sufficient. The statute ( R. S. sec. 2851 ) recites that "no formal pleadings on the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit the plaintiff shall file with the justice the instrument sued on, or statement of the account, or of the facts constituting the

cause of action upon which the suit is founded," etc. The plaintiff has here filed "a statement of the account" within the intendment of this statute. We are asked to hold that pleadings in justices' courts should be substantially the same as in the circuit courts. So to hold would be to disregard the express language of the above statute, which dispenses with formal pleadings on the part of both the plaintiff and the defendant in justices' courts. None of the cases cited in support of this assignment of error go to show that it is well taken. In *Butts v. Phelps*, 79 Mo. 302, the statement was in these words : "Plaintiff states that defendant is indebted to him in the sum of $1.50 lawful currency, for which he asks judgment." This was no statement of an account or of any state of facts constituting a cause of action. It was the mere statement of a conclusion of law and was held insufficient on obvious grounds. The same may be said of the statement in *Schoenlau v. Friesse*, 14 Mo. App. 436, which this court held insufficient. In the case of *Hill v. St. Louis Ore and Steel Co.*, 90 Mo. 103, the account was against a corporation for "board-bill against the following named parties," giving a list of names, with items set opposite. This statement was held insufficient, because it did not in any way indicate how the defendant, a corporation, became liable to the plaintiff for boarding certain individuals. That account seems to have been sufficient within the rule repeatedly declared by the supreme court and by this court, that a statement before a justice of the peace is sufficient when it is plain enough to identify the action so as to bar another action for the same subject. This principle was reiterated in that case, and yet the conclusion of the court seems plainly a misapplication of it. Nevertheless, that case is distinguished from this, in that this account recites that it is for "services of self and team * * * as per agreement." This, at

least, suggests that there was a contract under which the plaintiff rendered services of himself and team to the defendant; and we believe that such a statement of account has always been held sufficient.

III.    The third assignment of error, that the verdict is against the weight of evidence, requires no examination, since this is an action at law in which appellate courts are not concerned with the weight of the evidence.

The judgment will be affirmed.    All the judges concur.