## R. AYLMER v. O. O. ADAMS.

(153 N. W. 419.)

**New trial — motion for — newly discovered evidence — judicial discretion of court — appellate court — interference by — abuse must appear.**

1. A motion for a new trial on the ground of newly discovered evidence is

addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless manifest abuse of such discretion is shown.

**Trial court — discretion — new trial.**

2. In the instant case it is held that this court cannot say that the trial court manifestly abused its discretion in granting a new trial.

Opinion filed April 15, 1915. On petition for rehearing May 18, 1915.

From an order for a new trial of the District Court of Ward County, *Leighton,* J.

Plaintiff appeals.

Affirmed.

*Nestos & Carroll,* for appellant.

The showing made on motion for new trial on the ground of newly discovered evidence should be viewed with suspicion and closely scrutinized, and such motion should be granted only when due diligence is shown by the moving party, and it should also appear that the alleged new evidence would or ought to bring a different result before another jury. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Evans v. Parrott, 26 Ark. 600; Camp Mfg. Co. v. Parker, 121 Fed. 195; Caller v. Shields, 2 Stew. & P. (Ala.) 417; Johnson v. Offut, 2 MacArth, 168; Griggs v. Gear, 8 Ill. 2; Rowan v. First Nat. Bank, 112 Ill. App. 434; Lancaster v. Springer, 126 Ill. App. 140; Karsten v. Winkelman, 126 Ill. App. 418; Schaefer v. Wunderle, 154 Ill. 577, 39 N. E. 623; Cole v. Littledale, 164 Ill. 630, 45 N. E. 969; Carneal v. Wilson, 3 Litt. (Ky.) 90; Pfeltz v. Pfeltz, 1 Md. Ch. 455; Hollingsworth v. M'Donald, 2 Harr. & J. 230, 3 Am. Dec. 545; Burch v. Scott, 1 Gill & J. 393; Hodges v. Mullikin, 1 Bland, Ch. 503; Stockley v. Stockley, 93 Mich. 307, 53 N. W. 523; Vaughan v. Cutrer, 49 Miss. 782; Watkinson, v. Watkinson, 68 N. J. Eq. 632, 69 L.R.A. 397, 60 Atl. 931, 6 Ann. Cas. 326; Wiser v. Blachly, 2 Johns, Ch. 488; Traphagen v. Voorhees, 45 N. J. Eq. 41, 16 Atl. 198; Kennedy's Estate, 15 Pa. Co. Ct. 494; Conrad v. Conrad, 9 Phila. 510; Proudfit v. Picket, 7 Coldw. 563; Frazer v. Sypert, 5 Sneed, 100; Young v. Henderson, 4 Hayw. (Tenn.) 189; Hill v. Bowyer, 18 Gratt. 364; Campbell v. Campbell, 22 Gratt. 649; Whitten v. Saunders, 75 Va. 563; Kern v. Wyatt, 89 Va. 885, 17 S. E. 549; Heermans v. Montague, 2 Va. Dec. 6, 20 S. E. 899; Baker v. Watts, 101 Va. 702, 44 S. E. 929; Amiss v. McGinnis, 12

W. Va. 371; Long v. Granberry, 2 Tenn. Ch. 85; Ricker v. Powell, 100 U. S. 104, 25 L. ed. 527; Diamond Drill & Mach. Co. v. Kelley Bros. 138 Fed. 833; Poole v. Nixon, 9 Pet. 770, appx. 9 L. ed. 305, Fed. Cas. No. 11,270; Gould v. Tancred, 2 Atk. 533.

It should also appear that such evidence could not have been discovered before by the use of due diligence. Story Eq. Pl. 10th ed. § 414; Dexter v. Arnold, 5 Mason, 312, Fed. Cas. No. 3,856; Hughes v. Jones, 2 Md. Ch. 289; Perkins v. Partridge, 30 N. J. Eq. 559; Young v. Keighly, 16 Ves. Jr. 348; Hitch v. Fenby, 4 Md. Ch. 190; Adler v. Van Kirk Land & Constr. Co. 114 Ala. 551, 62 Am. St. Rep. 133, 21 So. 490; Wiser v. Blachly, 2 Johns. Ch. 488; Nichols v. Nichols, 8 W. Va. 187.

This rule not only applies to the party moving, but also to his attorneys and agents, since notice to either is notice to the party. Norris v. LeNeve, 3 Atk. 26; Stockley v. Stockley, 93 Mich..307, 53 N. W. 523; Morrison v. Carey, 129 Ind. 277, 28 N. E. 697.

Deficiency of proof is not ground for a new trial; neither will a new trial be granted to permit a witness to testify to facts forgotten or overlooked, or to which his attention was not called. Goose River Bank v. Gilmore, 3 N. D. 191, 54 N. W. 1032; 29 Cyc. 896–898, 907, 989 et seq.; Burson v. Dosser, 1 Heisk. 763; Smith v. Rucker, 95 Ark. 517, 30 L.R.A.(N.S.) 1030, 129 S. W. 1079; State v. Stowe, 3 Wash. 206, 14 L.R.A. 906, 28 Pac. 337.

A new trial will not be granted on new evidence which is merely impeaching in character. Brennan v. Goodfellow, — Iowa, —, 96 N. W. 962; Traphagen v. Voorhees, 45 N. J. Eq. 41, 16 Atl. 198; Boyden v. Reed, 55 Ill. 458; Adamski v. Wieczorek, 93 Ill. App. 357; Karsten v. Winkelman, 126 Ill. App. 418; Dixon v. Graham, 16 Iowa, 310; Foy v. Foy, 25 Miss. 207; Kern v. Wyatt, 89 Va. 885, 17 S. E. 549.

Or for merely showing subornation of perjury of witnesses. Society of Shakers v. Watson, 23 C. C. A. 263, 47 U. S. App. 170, 77 Fed. 512; 2 Enc. Pl. & Pr. 580; Story Eq. Pl. §§ 414 and 418; Evans v. Parrott, 26 Ark. 600.

*Palda, Aaker & Greene* and *I. M. Oseth,* for respondent.

The question of jurisdiction is nowhere discussed or urged in the appellant's brief, and is therefore taken to be abandoned. Foster

County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Kelly v. Pierce, 16 N. D. 234, 12 L.R.A.(N.S.) 180, 112 N. W. 995; Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531; State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795.

The supreme court gains jurisdiction of an appeal only when the record and appeal papers are filed with the clerk thereof. Stierlen v. Stierlen, 8 N. D. 297, 78 N. W. 990.

In a motion for a new trial on the ground of newly discovered evidence, the test is whether or not such newly discovered evidence ought to change the result on another trial before another jury, and that it in all reasonable probability would bring such results. The mere fact that it is cumulative is immaterial. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577.

The presumption is that the determination of these questions by the trial court was correct unless it is otherwise clearly shown. Hall v. The Emily Banning, 33 Cal. 522, and cases cited; People v. Sutton, 73 Cal. 243, 15 Pac. 86; Longley v. Daly, 1 S. D. 258, 46 N. W. 247; Spottiswood v. Weir, 80 Cal. 448, 22 Pac. 289; Grace v. McArthur, 76 Wis. 641, 45 N. W. 518; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

The alleged new evidence will be taken as true unless clearly contradicted. Re McClellan, 21 S. D. 209, 111 N. W. 540.

False swearing may be ground for new trial, especially where such matters are very material and such fact is clearly established. O'Hara v. Brooklyn Heights R. Co. 102 App. Div. 398, 92 N. Y. Supp. 777; Chapman v. Delaware, L. & W. R. Co. 102 App. Div. 176, 92 N. Y. Supp. 304.

CHRISTIANSON, J. This is an appeal from an order of the district court of Ward county granting a new trial for newly discovered evidence. The case was tried to a jury and a verdict returned in favor of the plaintiff for $1,785.46. Judgment was entered pursuant to the verdict on March 14, 1913. Several affidavits were submitted in support of the motion for new trial. The newly discovered evidence is set forth in the affidavitt of McKenzie St. Clair, a witness who testified in behalf of the plaintiff upon the trial of the action. This affidavit is

as follows: "McKenzie St. Clair, being first duly sworn, deposes and says that he resides at Minneapolis, Minnesota, and that he is acquainted with the plaintiff and the defendant in the above-entitled action; that he remembers the transaction in his office in Minneapolis, Minnesota, at the time the plaintiff and defendant were both in his office at the time the purported note was alleged to have been signed by O. O. Adams, and that he is the identical party whose name appears as witness on said 'Exhibit A;' that plaintiff, R. Aylmer, at the time mentioned, had desk room in affiant's office; that a few days prior to the purported date of the purported note, 'Exhibit A, both the plaintiff and defendant were in affiant's office, and went from there to Iowa for the purpose of completing a trade of some land for some horses, and that on or about the date of said 'Exhibit A' they had some conversation in affiant's office, but so far as this affiant overheard the conversation between the plaintiff and defendant, there was no note mentioned at this time, either by the plaintiff or defendant, but after they had been in conversation for a short time the plaintiff laid the paper 'Exhibit A on affiant's desk, and asked him to sign same; that when the paper was laid on affiant's desk he took up his pen and signed his name; that he did not notice, and does not now know, whether the name of O. O. Adams was signed on said paper at the time he signed his name thereto; that during the time the plaintiff and defendant were in his office he saw the defendant, O. O. Adams, sign one paper, and that he did not see him sign any other paper, and that he did not at that time sign more than one paper; that on that date affiant had been around the city of Minneapolis quite a good deal, and had, at that time, drank considerable liquor, and was not in a position to observe closely, and because of his condition he signed 'Exhibit A' without knowing whether the name of some other person was signed thereto at that time; that after signing his name to said paper he got up and left the office and left the paper lying on his desk; that affiant is not physically strong, and that liquor has the effect of making him very careless and destroys his power of observation, and when in that condition from drink, he is liable to and does do things without thought and without the proper precaution, and very often to his own material and serious detriment, and that in such condition at one time a bill of sale was presented to him for signature, and without observing what it was because of his condition from drink, he

signed said instrument and thereby disposed of $300 worth of property without consideration, and which he did not in any way intend to sell; that in a conversation with the plaintiff, R. Aylmer, because of the fact that the defendant, Adams, was going to Minneapolis to complete for him a trade in which this affiant was interested, affiant asked Aylmer regarding this man Adams, and whether or not he was acquainted with him, to which plaintiff replied that very few men were better acquainted than he and Adams, and that at one time, he, Aylmer, had charge of Adams's business, and that Adams was in the habit of handing him his check book, and he, Aylmer, drew checks and signed Adams's name thereto; that at the time 'Exhibit A' was dated, the plaintiff and defendant had returned from Iowa, and affiant asked them in regard to the trade, and they told affiant that the trade had been made, and affiant was observing as far as he possibly could what took place in the office at that time, because he was interested as agent in the completion of the trade of the land for the horses, and that he watched to see what papers were signed, and that his observations along that line were as carefully made as possible, and that at such time O. O. Adams signed his name but once.

"That an examination of the 'Exhibit A' shows that the word 'eight,' which was printed in said blank, was erased, and the word "six" written therein in ink, and affiant does not know whether said change was on the paper at the time he is alleged to have signed his name on said purported instrument or not; that affiant saw the contract made between the defendant and E. D. Garner relative to the trade of land for horses, and that under said contract there was to be nothing completed until the following March, and that there was nothing in said contract making it necessary for the execution of 'Exhibit A,' or any other notes, at the time said note 'Exhibit A' is dated.

"That reference is made to the paper hereto attached marked 'Exhibit A,' which purports to be the photograph of said alleged note, 'Exhibit A' used in said action.

"Affiant further states that the facts herein stated were not stated by him prior to the said trial, nor prior to the time he gave his deposition in Minneapolis; that prior to giving his deposition for said action, he had not since talked with either Mr. Adams or with the attorneys for Mr. Adams, and that in giving his deposition he referred to those

things only about which he had been interrogated, and that since said trial he has had a conversation with the attorneys for the defendant, and during said conversation for the first time told the facts stated in this affidavit."

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless manifest abuse of such discretion is shown. And the appellate court is more reluctant to interfere in a case where a new trial has been granted than where it has been denied. This rule is so well settled and elementary that it is unnecessary to cite any authority in support thereof. In fact, appellant's counsel concedes that the sole question for determination on this appeal is whether or not the trial court grossly abused its discretion in ordering the new trial. No statement of the case was settled, hence, there is no opportunity for this court to ascertain what testimony was produced upon the trial of the action, with the exception of the testimony of St. Clair and two other witnesses, which was taken by deposition. The trial judge, however, had both seen and heard the witnesses, and was familiar with their testimony. He was also familiar with all the proceedings had in the action, and while it is somewhat difficult for this court to see that the proposed additional change in the testimony of the witness St. Clair is of sufficient importance to warrant a new trial, or that the defendant acted with the required degree of diligence, still these matters were presented to the trial court for determination, and he was in better position to decide these questions than in this court. This case has been tried but one time. A different rule might apply if there had been more than one trial. Under all the circumstances we do not feel justified in saying that the trial court manifestly abused its discretion in granting a new trial, and the order appealed from is therefore affirmed.

On Petition for Rehearing. (Filed May 18, 1915.)

CHRISTIANSON, J. An able and exhaustive petition for rehearing has been field herein, wherein it is earnestly argued that the former opinion is erroneous for the reason that a new trial is granted on the ground of newly discovered evidence which is cumulative and impeach-

ing in character. The reasoning adopted in the petition is based on the erroneous assumption that this court has granted a new trial in this case. That question was presented to and decided by the trial court. The question presented to this court is not whether a new trial should be granted or denied,—but whether or not the trial court abused its judicial discretion in ordering a new trial. "A test of what is within the discretion of a court has been suggested by the question. May the court properly decide the point either way? If not, then there is no discretion to exercise. If there is no latitude for the exercise of the power, it cannot be said that the power is discretionary. The only limitation upon the exercise of discretionary power is that it must not be abused." Hayne, New Trial & App. § 289, p. 1650.

And the appellate court will uphold the ruling of the trial court granting a new trial on a discretionary ground when it would have refused to disturb the decision of that court had a new trial been denied; and will sustain such order even though the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one. Braithwaite v. Aiken, 2 N. D. 57, 62, 63, 49 N. W. 419; People v. Goldsworthy, 130 Cal. 600, 62 Pac. 1074. See also St. Anthony & D. Elevator Co. v. Martineau, ante, 425, 153 N. W. 416.

"The rule has always been, whether the discretionary act was authorized by judicial precedent or by act of legislature, that an exercise of discretion on the part of the trial court would be disturbed only for an abuse thereof. It is therefore important to know when discretion has been abused. This is not always easy to determine, but the task is greatly simplified when it is remembered that the discretion referred to is legal, and never arbitrary. There must be a legal ground or excuse for every act of the court, and not a mere arbitrary exercise of power by the will of the individual who happens to occupy the position of judge. Not only must there be a legal ground or excuse in support of the exercise of discretionary power, but there must be some fact or reason against same, otherwise there would be no basis for an exercise of discretion. Moreover, the discretion of the court must always be exercised in behalf of justice and fair dealing in the abstract, and manifestly must not be contrary to the principles of justice, or productive of hardship and inconvenience. If this should be the case

there would be, in the language of the authorities, an abuse of discretion, and the appellate court would reverse the judgment or order. This is not a very precise rule; but when interpreted by the light of the circumstances of each case, it is of practical value, and prevails in all courts where the common law is the rule of decision." Hayne, New Trial & App. § 289.

"While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is that it must plainly appear to effect injustice." Clavey v. Lord, 87 Cal. 413, 25 Pac. 493.

The statute provides that a new trial may be granted, among others, on the ground of "newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial." It is conceded that a motion based on this ground is addressed to the sound judicial discretion of the trial court. The discretion vested in a trial court in the determination of such motions is based on the theory "that the judge who tries a case, having the parties, their witnesses and counsel, before him, with opportunity to observe their demeanor and conduct during the trial, and note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had and sustantial justice done than the appellant tribunal."

It will be observed that the statute prescribes the general conditions under which newly discovered evidence may constitute a ground for a new trial. In the construction of this or similar provisions, certain general rules have been formulated, among which may be found the ones contended for by counsel in the petition for rehearing herein. Although it is generally conceded that no arbitrary or inflexible rule can be laid down, but that the question of whether or not the trial court's discretion in granting or denying a new trial was properly exercised will largely depend on the peculiar circumstances of each case. In a discussion of this proposition it is said in Bayles on New Trials and Appeals, 2d ed. p. 574: "Motions for a new trial upon the ground of newly discovered evidence are not governed by any well defined rules, but depend in a great degree upon the peculiar circum-

stances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end. Barrett v. Third Ave. R. Co. 45 N. Y. 632; Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162. The discretion to be exercised is legal, and not arbitrary. Carpenter v. Coe, 67 Barb. 411; Platt v. Munroe, 34 Barb. 291.

In cases falling within the principles laid down by the authorities, the courts will follow the established rules. But these rules are not of such universal application as to be decisive of every case however much it may differ in circumstances from every other. No arbitrary rule can be laid down which will determine in every case whether a party exercised reasonable diligence in procuring evidence for the trial, nor whether the evidence which the party desires to offer on a new trial would be likely to change the result, nor whether he has used due diligence in making his motion." See also Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690.

In Spelling on New Trial and Appellate Practice, it is said: "Although, in every extended discussion of the subject of newly discovered evidence, and in a large percentage of decisions involving it, the terms 'cumulative' and 'merely cumulative' occur, yet only a thorough and painstaking study of cases and a free resort to the true reasons underlying the decisions are required to convince the mind that these terms are inappropriate and confusing when used determinatively on this branch of law. It has been in several cases declared, as the result of many other decisions, that new evidence possessing sufficient probative force to render a different result on retrial probable cannot be merely cumulative. . . . Few, if any, modern cases can be cited in which a new trial was held improperly granted by trial courts on newly discovered evidence possessing the above-mentioned force and qualities, merely because it was cumulative. . . . All corroborative evidence is cumulative, but not all cumulative evidence is corroborative. All relevant, competent, and material newly discovered evidence is comulative, but if it be of sufficient probative materiality and force to change the result upon retrial, it is not 'merely cumulative'." Spelling, New Trial & App. Pr. § 225.

"In several cases, and with unbroken uniformity in recent cases, the

supreme court of California has taken care to qualify the rule against granting new trials on cumulative new evidence with a proviso equivalent to a strong assertion to the effect that if the probability of a different result upon retrial were present, the rule would not be operative. In the most recent case involving the question, after quoting from the statute the requisites there prescribed, the court ·remarked: 'Where these requisites occur they constitute sufficient grounds for a new trial, and no others can be required. Hence, the rule so often reiterated by the courts, that a new trial should not be granted where the evidence is merely cumulative, must be regarded (in this state), not as an independent rule, additional to those established by the provisions of § 657 of the Code, but as a mere application of those rules.' The courts of other states have gone much further in the same direction. In New York the question of whether the new evidence is cumulative is expressly and completely subordinated to the question whether, if admitted, it would probably produce a different result upon a retrial. And it was held that the fact that newly discovered evidence is cumulative is not necessarily an objection to granting a motion based thereon for a new trial, where the issue is close and the evidence sharply conflicting. And in Kentucky, a view is taken which is the substantial equivalent of the New York rule. It is there held that where the new evidence goes to the foundation of plaintiff's claim, it cannot be considered as merely cumulative. The court in a Pennsylvania case gives clear expression of a safe rule for all cases, as follows: If the new evidence is stronger and more direct upon the same vital point than that produced at the trial, though of the same character, it would have a natural tendency to produce a different result, and would not be cumulative in the sense which justifies its exclusion. If, on the other hand, the evidence already introduced be the stronger and more direct, and of the same character, then the new evidence would be cumulative without any probability of a different result." Spelling, New Trial & App. Pr. § 226.

And in the case of Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 253, 91 N. W. 63, 12 Am. Neg. Rep. 619, this court said: "A careful consideration of the plaintiff's affidavits discloses the fact that some of the newly discovered evidence would, if offered, be inadmissible under the rules of evidence; but, on the other hand, some of

the same would be admissible, and would be directly pertinent upon the issue of plaintiff's contributory negligence. But defendant's counsel claims that any evidence contained in plaintiff's affidavits which would be admissible at the trial, if offered, is cumulative in character, and hence cannot be considered when presented as newly discovered evidence, as a basis for an application for a new trial. This assumption of counsel rests upon the well established general rule that evidence which is cumulative merely cannot, when newly discovered, furnish a ground for a new trial. But with respect to the general rule invoked by counsel, it must be remembered that there is a recognized qualification of the same, which is as well supported by authority as the rule itself. The qualification or exception is this: Where the newly discovered evidence, if cumulative, is of such a nature as to be decisive of the result, it will not be rejected as a ground of new trial merely because it can be classified technically as cumulative evidence. . . .

"But we have reached the conclusion that under the facts of this case it is not the province of this court upon an appeal from the order of the trial court granting a new trial, to rule decisively either upon the weight of the newly discovered evidence, or to settle a somewhat dubious question as to whether some of such evidence falls within the rule or the exception to the rule relating to cumulative evidence. The order granting a new trial omits to state the grounds or reasons which operated upon the mind of the trial judge in making the order, and hence we are at liberty to consider all grounds upon which the application rested, and in doing so this court will take account of both the evidence offered at the trial and the newly discovered evidence.

An examination of the grounds of the application for the order appealed from will at once develop the fact that the trial court, in disposing of the problem presented upon the application, was not governed by fixed rules of law, and in the nature of the case could not be governed by any inflexible rule of law. When motions of this nature are presented to a court, they are classified as motions addressed to the discretion of the court. In considering the evidence adduced or that newly discovered, no fixed rules of law exist which could be decisive of the result of the investigation. Under such circumstances a margin of discretion is vested in trial courts, which permits them, with a view

to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility. Nor in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice. The rule that governs a. court of review in this class of motions *i. e.,* those which appeal to judicial discretion,—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Trial & App. § 97. This discretion, however, is neither. capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases. The duties devolving upon a court of review in this class of cases are to be distinguished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. See 14 Enc. Pl. & Pr. 930, 985, and cases in note 1; Taylor v. Scherpe & K. Architectural Co. 47 Mo. App. 257. The rule applicable here is analogous to that applied where a new trial is sought on the grounds of improper remarks made by counsel to a jury, *i. e.,* the granting or refusing the application is within the discretion of the trial court. See Waston v. St. Paul City R. Co. 42 Minn. 46, 43 N. W. 904, and Sunberg v. Babcock, 66 Iowa, 515, 24 N. W. 19. In the Federal courts, as at common law, all motions for a new trial are addressed to the discretion of the trial court, and its ruling cannot be reversed. See 14 Enc. Pl. & Pr. 955. As to the application of this rule to newly discovered evidence, see id. 982, note 3, and Hayne, New Trial & App. p. 250. See also the South Dakota cases cited in Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205. In the case at bar the order appealed from granted a new trial. Such orders, when based upon the

insufficiency of the evidence, are rarely, reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits."

It is also true that ordinarily a new trial will not be granted where the newly discovered evidence is merely impeaching in its character. But if the newly discovered evidence is of such character that the trial court is convinced that it would be unjust to permit the former verdict to stand, and that the newly discovered evidence is of such probative force and importance as to render a different result probable on a retrial, the fact that it has a tendency or effect to contradict or impeach witnesses who testified on the trial should not prevent its full consideration on the motion, or the granting of a new trial to allow its introduction.

In 29 Cyc. 918, it is said: "Ordinarily, a new trial will not be granted for newly discovered evidence to impeach a witness. Thus, evidence to show that a witness had made statements inconsistent with his testimony, or to contradict him on immaterial or collateral matters, is seldom ground for a new trial. But evidence of contradictory statements made by a witness on whose testimony a doubtful verdict was founded has sometimes been held sufficient cause for setting aside the verdict. Newly discovered evidence to successfully contradict a witness upon a material matter may be cause for allowing a new trial, and it is no objection to such allowance that the evidence may incidentally impeach a witness."

In Spelling on New Trial and Appellate Practice, § 227, this proposition is discussed in the following language: "If the newly discovered evidence would establish a material fact of sufficient probative importance to render a different result probable on a retrial, the fact that it has the tendency or effect to contradict or impeach witnesses who have testified on the trial should not prevent its full consideration on the motion, or the granting of a new trial to allow its introduction. The evidence should not on the motion be denied consideration under such conditions, any more than where evidence of equal importance is objected to as cumulative. The decisions involving impeaching, offered as newly discovered evidence, present about the

same inconsistencies, inaptitudes of expression, conflicts, drift, and tendency as on the subject of cumulative evidence so offered. The essence and ultimate result, however, support the proposition above stated. It is in entire harmony with the general rule that newly discovered evidence which is merely impeaching in character is not ground for a new trial. In a few cases orders granting new trials have been upheld without reference to the establishment of any new fact, merely because the testimony given at the trial was strongly, overwhelmingly, contradicted by that contained in the affidavits."

The statute prescribes the requisites for a motion based on this ground as follows: (1) The evidence must be newly discovered; (2) It must be material; (3) It must be such that the moving party could not with reasonable diligence have discovered and produced the same at the trial of the action. In order to be entitled to a new trial on this ground, the moving party must present to the trial court a showing sufficient to satisfy that court that the evidence has the three qualifications prescribed by the statute. But whether or not this is satisfactorily or sufficiently shown is primarily a question to be determined by, and resting in the sound judicial discretion of, the trial court, and subject to review by the appellate court only in cases where there has been a manifest abuse of such discretion.

The evidence must be newly discovered. In discussing this proposition it is said in Spelling on New Trial and Appellate Practice, § 207: "The additional evidence, to afford opportunity for the introduction of which a new trial is sought, must be newly discovered, by which expression is meant that it must have been discovered since the trial. If discovered before, or at the trial, and no continuance of the trial was applied for, an answer to the motion that no diligence is shown will be sufficient to defeat it, no matter what else may be shown. And since each party, and especially their counsel, are presumed to be familiar with the issues, and to know what proofs will be required to sustain his own allegations, or to meet and overthrow such as may be adduced in support of those against him, it is not enough to present a showing that he did not know, or did not discover, until since the trial the materiality of the evidence. It is the evidence itself, and not merely its materiality, which must appear to have been newly discovered. But it would be very difficult to state any rule or principle ap-

plicable to the subject of newly discovered evidence to which there are no exceptions; and it was held that this rule did not apply where there was no reason to suppose that evidence within the knowledge of the party was material. The moving party must show by his own affidavit that the new evidence was not known to him at the time of the trial. Upon that question the affidavits of other persons are not sufficient."

The evidence must be material. This necessarily includes that the evidence must be competent and admissible. Spelling, New Trial & App. Pr. § 224. In determining the materiality and sufficiency of the evidence, it is frequently suggested that such evidence must be of such character that it will probably change the result upon a retrial. The reason for this is obvious. A new trial should not be granted as a mere empty ceremony. Hence, necessarily a trial court before granting a new trial should be satisfied that the former verdict was unjust, and that the newly discovered evidence, when weighed with the evidence received at the trial, will probably result in a different verdict upon the retrial. 14 Enc. Pl. & Pr. 792.

"The probability of a different result upon a retrial, often suggested as a test of the sufficiency in point of materiality and importance of alleged new evidence to warrant a new trial, is merely a guide for the courts in arriving at a conclusion as to whether, with the addition of the new evidence, the result ought to be different. A very slight addition of material competent and relevant testimony, or even the same evidence without addition, might produce a different result with a different, or even with the same, jury, upon a retrial. But the duty of deciding the motion rests primarily with the trial court, and the question whether a different result is probable is necessarily included in its decision. The general rule on the subject, the same being unquestionably correct as an abstract legal proposition, may be briefly stated thus: A new trial, where the motion is based upon newly discovered evidence, may be properly refused, if such evidence, being admitted, would not change the result. The same principle has been sometimes expressed in different language, but the meaning is usually that above conveyed. The foregoing expression is equivalent to saying that the motion should not be granted unless the court can see from the showing made that a different verdict will probably result from a

30 N. D.—34.

retrial with the new evidence added. In other words, in order to warrant a denial of the motion the court must be of the opinion that the admission of the new evidence would not cause a different result. It is also the equivalent of the rule as stated in other cases, namely, that if the newly discovered evidence fails to raise a reasonable presumption that if produced it would change the result, a new trial will not be granted, or that it might change the result.

"As in all cases where the matter rests almost absolutely within the discretion of individual men, no specific rule of any value, subordinate to and definitive of the leading rule, and applicable generally, can be laid down. But the following attempt to state a more specific rule is at least worth considering: Where the newly discovered evidence is not conclusive against the opposing party, and is reconcilable with either plaintiff's or defendant's theory of the case, and the verdict already returned would be. abundantly supported by the evidence, with the proposed evidence added, it is proper to overrule the motion; otherwise, to grant it." Spelling, New Trial & App. Pr. § 221.

But in determining the sufficiency and materiality of the new evidence the court must weigh it with the evidence received at the trial. 14 Enc. Pl. & Pr. 792.

"In deciding upon the probability of a change in the result by adding newly discovered evidence, having ascertained that it is such as entitles it to consideration, the court will, if necessary, examine and consider the record on the trial. Accordingly, the court was held fully warranted in denying the motion in view of the testimony of eye-witnesses, to which the affidavit of the new witness merely opposed by testimony of a threat of the deceased against the defendant, convicted of manslaughter.

"The court will not only examine the general features of the case, but will examine the testimony of particular witnesses, in order to determine what consideration should be given to the new evidence." Spelling, New Trial & App. Pr. § 222.

It is also incumbent upon the movant to show diligence. Whether or not a sufficient showing of diligence has been made is a question of fact to be determined in the first instance by the trial court, and its decision is binding on the appellate court, and will not be reviewed except in case of an abuse of discretion on the part of the trial court.

"The question of diligence in preparing for trial, and of the lack of. diligence as a bar to the motion on the ground of newly discovered evidence, like all questions resting upon facts to be presented upon affidavits, and to be considered in light of the course and environment of the trial, is peculiarly appropriate for final determination by the trial court; and its decision herein will not be interfered with except in case of abuse of discretion, or as the same idea is sometimes expressed, to prevent obvious injustice. It may be stated, as a general principle of law, that a new trial will not be granted on the ground of newly discovered evidence, if the evidence might have been discovered by reasonable diligence in time to have been produced at the trial." Spelling, New Trial & App. Pr. § 209.

But diligence is a relative term, incapable of exact definition, and depends essentially upon the particular circumstances of each case. Heintz v. Cooper, 104 Cal. 668, 38 Pac. 511. And in determining the question of whether or not the moving party used due diligence, all the circumstances, including the situation of the parties and the witness who will give the newly discovered evidence, will be considered. Sturdy v. St. Charles Land & Cattle Co. 33 Mo. App. 44. And while it is true that the general tendency of the trial courts, with the full sanction of the appellate courts, seems to be toward strictness rather than laxity in the showing of diligence on the motion based on the ground of newly discovered evidence, still, "the courts have held the strict rule as to the showing of diligence inapplicable in certain cases, thus constituting exceptions to the rule, while in other instances, without expressly suspending its operation, have greatly relaxed its requirements to meet the peculiar hardships of such cases, and prevent what they considered a failure of justice." Spelling, New Trial & App. Pr. § 219. See also Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690.

The function of the courts is to dispense justice. And the fundamental question presented on a motion for new trial based on the ground of newly discovered evidence is whether or not substantial justice was done at the former trial. It is the duty of the parties to litigation to exercise due diligence in preparing and presenting their causes, and to produce to the court the best evidence within their power on the questions involved. The presumption is that the verdict

of a jury is right, but if the unsuccessful party discovers after trial new evidence which he could not with reasonable diligence have discovered and produced at the trial, of such character as to convince the court that an injustice has been done, and that a new trial probably will change the result, then a new trial should be granted. 14 Enc. Pl. & Pr. 790. A new trial on this ground is granted only in the interests of justice.

This action was upon a promissory note. It is conceded by both parties that the only question submitted to the jury was whether or not the note was genuine or a forgery. It is also, conceded that if the note was executed at all, it must have been at the time and place referred to in the affidavit of St. Clair. It, also, seems to be conceded that at the time and place the plaintiff and defendant entered into a certain contract of exchange, and that the only persons present at that time were the plaintiff and defendant and the witness St. Clair. It seems to be the contention of the plaintiff that at that time and place, the defendant signed not only the contract, but also the note involved in this suit; while the contention of the defendant seems to be that he signed the contract, but that he did not sign the note, and that his purported signature thereto is a forgery. As already stated in the former opinion, no statement of case has been prepared, and the testimony of the plaintiff and defendant on this question is not before us. We have no means of knowing what this testimony was, or to what extent the testimony of St. Clair corroborated or contradicted one or the other of these parties; or to what extent the newly discovered evidence will affect the testimony of these parties. This testimony is not before us.

The trial judge, however, not only heard this testimony, but saw the parties themselves as it was given. He also heard the testimony of the other witnesses, and the arguments of counsel. He was familiar with all the details of the trial, and, possessed of this peculiar knowledge, he said in effect that under all the circumstances in this case, the evidence was newly discovered; that the defendant could not with reasonable diligence have discovered and produced the same at the trial; and that when considered and weighed with the former testimony, it was material to the defendant to the degree that upon a retrial of the action a different result was probable. The presumption

is that an order granting a new trial is right. And the burden is upon the appellant to show that the ground urged and the showing made in support of such motion was insufficient, and to do this he must present a sufficient record for reviewing each ground of the motion. Davis v. Jacobson, 13 N. D. 430, 432, 101 N. W. 314.

In this case the appellant had the burden of showing that, under all the facts and circumstances in this case, the trial court manifestly abused its discretion in granting a new trial. We are all agreed that upon the record presented to us an abuse of discretion has not been shown. The discretion vested in the trial court should be exercised in the interests of justice. There is nothing to indicate that it was not so exercised in this case. The former decision will stand; a rehearing is denied.