JOHN VAN NICE, Respondent, v. THE CHRISTIAN RE-FORMED CHURCH OF HULL, NORTH DAKOTA, a Corporation, Appellant.

(231 N. W. 604.)

Opinion filed June 28, 1930.

*F. J. Graham* and *Van Slyke & Agor,* for appellant.

*Morrison & Skaug* and *F. M. Jackson,* for respondent.

CHRISTIANSON, J.   In April, 1928, the plaintiff and defendant entered into a written contract whereby the plaintiff agreed to construct a church for the defendant.   The church was constructed, and, controversy having arisen between the parties in respect to several matters involved in or growing out of the transaction between them, plaintiff brought this action to recover the sum of $5,378.16, which he claims is the balance due him for the work performed and material furnished in the construction of the church.   The complaint, among other things, alleges that during the course of the construction certain changes were made in the plans, and that owing to certain defects which developed as the building was being constructed (according to the plans and specifications) it became necessary to repair such defects; that as a consequence additional labor and material was required, and compensation is asked for the value of the material and labor so furnished.

The defendant in its answer admits that certain changes were made in the plans but that such changes were made in due season and in such manner and at such times as not to necessitate any additional expense either for material or work on the part of the plaintiff. The answer further alleges that the plaintiff has failed to pay for certain material used in the construction and that liens have been filed against the building for such material. The answer, by counterclaim, alleges that the plaintiff failed to erect the building properly and in accordance with the plans and specifications; that it was defectively constructed and left in a defective and incomplete condition, and that, consequently, defendant was damaged in the sum of $5,000, for which judgment is asked. The plaintiff interposed a reply denying the new matter in the answer.

The case was tried to a jury and resulted in a verdict in favor of the plaintiff for $4,500. The defendant moved for a new trial. The motion was denied and it has appealed from the judgment and from the order denying a new trial.

The facts necessary to an understanding of the questions presented for determination on this appeal are substantially as follows: The members of the defendant church, having decided to construct a new church building, selected a building committee and this committee employed an architect who prepared plans and specifications for the proposed church building. Thereafter the building committee advertised for bids for the construction of the church in accordance with the plans and specifications which had been prepared by the architect. Bids were received from a number of builders, among others, from the plaintiff. The plaintiff was not the lowest bidder. All proposed bids were rejected, but after the rejection of the bids certain conversations were had between the plaintiff and the members of the building committee with the result that the plaintiff and such committee arrived at an understanding as regards the construction of the church and a written contract was entered into between them. The contract was first signed by the plaintiff and was later signed by the representatives of the defendant at a meeting of the building committee at which the plaintiff was present. There is a square conflict in the evidence as to some things said to have transpired at this meeting. The written contract contained a provision to the effect that the plaintiff should be paid

$800 for a certain item of glass to be furnished in the construction of the building. The written contract shows that this provision is stricken out with pen and ink. The plaintiff claims that this provision was a part of the contract at the time it was executed by the parties; that it was stricken out after the contract had been signed by both the parties and that as a matter of fact it was and is a part of the contract.

The members of the building committee, on the other hand, testified that this was stricken out at the suggestion of the plaintiff and in his presence after he had signed the contract but before it was signed by the representatives of the defendant. The testimony upon this feature of the case was submitted to the jury under appropriate instructions and so far as the record shows, both parties had a fair trial of that question.

The written contract contains the following provision: "Art. 30. Guaranty Bonds. The owner shall have the right, prior to the signing of the contract, to require the contractor to furnish bond covering the faithful performance of the contract and the payments of all obligations arising thereunder, in such form as the owner may prescribe and with such sureties as he may approve. If such bond is required by instructions given previous to the submission of bids, the premium shall be paid by the contractor; if subsequent thereto, it shall be paid by the owner."

It is undisputed that the building committee required the defendant to furnish a bond conditioned as provided in this article and that such requirement was made at the meeting at which the building committee signed the contract and prior to the signing. It is also undisputed that no bond was required by instructions given previous to the submission of bids by the various bidders. In the circumstances it is obvious that if the provision in the written contract governs, the plaintiff was and is entitled to recover the amount of the premium paid by him for the surety bond required, namely, $244. The defendant, however, claims, and offered to prove, that during the negotiations had between the parties at the meeting at which the contract was signed by the representatives of the defendant, the plaintiff agreed to pay the premium on the surety bond. The trial court excluded the testimony of the witnesses for the defendant who sought to testify to this effect and likewise sustained an objection to the offer of proof. The proffered

testimony was objected to on the ground that it tended to contradict and vary the terms of the written contract. There is no allegation in the answer and no claim that the representatives of the defendant were induced to sign the contract through any misrepresentation or fraud on the part of the plaintiff or through mistake or duress. According to the testimony of the representatives of the defendant they signed it knowingly and deliberately, and according to such testimony they took scrupulous care to eliminate from the contract the item relating to the payment for certain glass. That the testimony sought to be introduced by the defendant contradicting the provisions of the written contract was properly excluded seems too clear for controversy. Such testimony was clearly within the rule which prohibits the introduction of oral testimony to contradict or vary the terms of a written contract.

Error is also predicated upon the rulings of the court which permitted the plaintiff to introduce evidence showing that he performed extra work and furnished additional material in installing additional bracing of the roof and in installing certain windows in a manner different from that prescribed in the plans and specifications. These assignments of error are predicated upon a provision in the written contract to the effect that "no extra work or change shall be made unless in pursuance of a written order from the owner, signed or countersigned by the architect, or written order from the architect stating that the owner has authorized the extra work or change, and no claim for an addition to the contract sum shall be valid unless so ordered. . . .

"If the contractor claims that any instructions by drawings or otherwise involve extra cost under this contract, he shall give the architect written notice thereof within a reasonable time, and in any event before proceeding to execute the work. No such claim shall be valid unless so made."

The record shows that the plaintiff was permitted to testify without objection as regards the changes in the building and the additional bracing furnished in the roof and the additional work and material rendered necessary thereby; that the members of the building committee and the architect directed the plaintiff to go ahead and do the work and furnish the material and that when plaintiff suggested to them that he ought to have something in writing to that effect that they stated

that this would not be necessary and they would pay him for the additional work and material required. It was only when the plaintiff sought to testify as to the value of the extra materials and labor furnished that objection was made to his testimony.

In this state of the record the defendant is in no position to complain of the rulings of the court in admitting the testimony. The written contract made no provision for any limitation upon, or mode for determining the value of, any additional labor or material that might be required in case changes were made in the structure. The contract merely provides that no work or change shall be made except in pursuance of a written order from the owner, signed or countersigned by the owner, or a written order from the architect stating that the owner had authorized the change; and that no claim for an addition to the contract sum shall be valid unless so ordered. The contract does not require that such written order shall state the sum to be paid for the additional labor or material furnished because of the change. The provision in the contract upon which defendant relies was in the nature of a condition attached to an obligation which might arise out of the construction of the building and was inserted for the benefit of the defendant. The contract itself could be altered either by a contract in writing or by an executed oral agreement (Comp. Laws 1913, § 5938; Quinlivan v. Dennstedt Land Co. 39 N. D. 606, 168 N. W. 51); or the provision invoked by the defendant here might be waived. 2 Williston, Contr. § 689; 9 C. J. pp. 846, 847. The work and material which the plaintiff furnished here was not something that he was required to do or furnish under his contract. It was something in addition thereto,—something which he was not required to do or furnish under the contract.

According to the testimony of the plaintiff there was a subsequent oral agreement between the parties whereby the plaintiff, at the request of the defendant, furnished certain additional labor and material for the construction of something which he was not required to construct under the contract. Such subsequent oral agreement was fully performed by the plaintiff and the defendant has accepted and retained the benefit of the additional labor and material furnished by the plaintiff. The evidence further shows that at least one other alteration was made in the plans and specifications without written order, and that as

to this, the defendant upon the trial admitted that the plaintiff had furnished additional labor and material and was entitled to additional compensation in a sum which was agreed upon. In its instructions the trial court made plaintiff's right to recover for the additional labor and material dependent upon whether the defendant did or did not waive the provision of the contract requiring a written order, and permitted the jury to award plaintiff a recovery for the additional material and labor only in case it found that defendant had waived such provision. This theory of the case was, if anything, more favorable to the defendant than it was entitled to under the evidence in the case.

It is next contended that the court erred in admitting in evidence a certain letter sent by the plaintiff to the defendant church and the architect. The letter contained an itemized statement of the amount which the plaintiff claimed to be due him, including the labor and material furnished for extras and demanded the issuance of final certificate and payment of the amount claimed to be due. There is no dispute but that the letter was sent to and received by the parties to whom it was addressed and that the demand for certificate and payment made therein was refused. The only objection offered to the exhibit at the time it was offered in evidence was that it was "a self-serving, hearsay paper." The trial court stated that the letter would be received as a statement of the plaintiff's demand and not as evidence of any particular payments due him. There seems to be no claim that there was any error in admitting the portion of the letter which demanded final certificate and payment; but it is claimed that the portions of the letter wherein the various items of extra labor and material claimed to have been furnished were itemized, as well as a reference to the item of $800.00 for glass, should have been excluded. There is nothing in the letter which was not testified to by the plaintiff. And it seems to us wholly outside the range of possibility that the jury could in any manner have been influenced by the statements in the letter which the defendant claims should have been excluded. There was no suggestion on the part of defendant's counsel that only certain portions of the letter should have been admitted. There is nothing in the record to indicate that any special emphasis was placed on the letter or that it was utilized for any purpose, except as tending to show a demand by

the plaintiff for final certificate and payment of the sum which he claimed to be due to him from the defendant.

Certain assignments of error are predicated upon rulings in the admission and exclusion of evidence regarding the kind of varnish furnished and the character of the work done in varnishing certain woodwork in the church. These assignments are not supported by any extended argument in appellant's brief. We have, however, examined the record on which they are based and fail to find any error in the rulings complained of.

The defendant also predicates error upon rulings rejecting certain testimony offered by the plaintiff as well as in permitting the plaintiff's counsel to ask leading questions. These assignments are also not supported by any extended argument. We have examined them all with care as well as the record on which they are based and find that they are not well founded.

In its instructions to the jury the trial court stated that the plaintiff was entitled to a verdict in some amount and left only the amount of the verdict for the jury's determination. It is claimed that this is contrary to the provisions of § 7643, Supplement to the Compiled Laws of 1913, which provides:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as any or either party to the action shall request."

A sufficient answer to the argument is that in this case there was no motion for a directed verdict and there was no order granting such motion. The statute, by its express terms, relates to a situation where there is a motion for a directed verdict at the close of the testimony and before the case is submitted to the jury. The statute does not purport to inhibit the court from giving appropriate instructions to the jury. The instructions must, of course, be given in light of the evidence and where the undisputed evidence shows a liability on the part of one party to another leaving the amount to be awarded the only question for the jury to determine, it is entirely proper for the court to so instruct. The evidence in this case shows that the plaintiff constructed a church building for the defendant under a written contract; that the

building was turned over to the defendant and that it is in actual occupancy thereof. The defendant was permitted to show in what particulars it claimed that the plaintiff had failed to comply with the contract and the amount of detriment that it had suffered in consequence, including the sums of money that it had expended in having certain work done which it claimed that the plaintiff had failed to perform. Elsewhere in its instructions the court stated the claims of the respective parties and stated the maximum amount that the defendant would be entitled to recover by way of damages. These portions of the instructions are not excepted to. A careful consideration of all the evidence leads us to the same conclusion as that reached by the trial court, namely, that in any view of the evidence, some amount was due to the plaintiff. In short, even though the jury had accepted the version of the defendant's witnesses upon every disputed question, plaintiff would have been entitled to a verdict in some amount.

It is next contended that the trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence. In support of this motion a number of affidavits were submitted. Some of the affidavits were made by the jurors who sat upon the trial of the case and purported to be based upon an inspection of the building after the trial was completed. It appears that during the course of the trial plaintiff's counsel requested that the jury be taken to view the building and that this request was resisted by counsel for the defendant. Indeed an unusual situation would have to be presented to warrant the ordering of a new trial so that the defendant might present to the jury then impanelled to try the case, evidence which it succeeded in excluding from the consideration of the former jury. The newly discovered evidence set forth in some of the affidavits seeks to impeach the testimony of the plaintiff as to his previous experience in constructing church buildings. Other affidavits relate to additional or cumulative evidence on certain phases of the controversy. The rules governing applications for a new trial on the ground of newly discovered evidence have been so fully stated by this court in former cases that it is unnecessary to restate them here. See Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141.

It is elementary that motions for a new trial on this ground are addressed to the sound, judicial discretion of the trial court. In short, it is primarily for the trial court to determine the various questions involved including whether the alleged newly discovered evidence could or could not have been produced upon the former trial by the exercise of due diligence. Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419, supra; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141, supra. As regards a considerable portion of the alleged newly discovered evidence it is not at all clear that it can be said to be newly discovered or that it could not have been procured or produced upon the former trial by the exercise of due diligence. In denying the motion for a new trial the trial court prepared an extended memorandum decision showing that he gave careful consideration to all the proposed new evidence; that he applied to the consideration and determination of the motion the fundamental rules applicable to such motions, and after due consideration decided that the motion should be denied. In short, the trial court decided that the ends of justice did not require a new trial; and upon the record presented to us upon this appeal we are all agreed that it cannot be said that the trial court abused the judicial discretion with which it is vested in deciding as it did. It follows therefore that the judgment appealed from must be, and it is, affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and NUESSLE, JJ., concur.