# CHARLES S. WAGONER v. ANTON BODAL.

### (164 N. W. 147.)

**New trial — motion for — grounds — excessive damages — jury — prejudice — passion — discretion — appellate court — will not interfere — unless abuse appears.**

1. A motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice is addressed to the sound, judicial discretion of the trial court, and the appellate court will not interfere unless a manifest abuse of such discretion is shown.

**Trial court — discretion — new trial — granting.**

2. In the instant case it is *held* that the supreme court cannot say that the trial court manifestly abused its discretion in granting a new trial.

Opinion filed July 31, 1917.

Appeal from the District Court of Bottineau County, *Burr,* J.
From an order granting a new trial plaintiff appeals.
Affirmed.

*J. J. Weeks,* for appellant.

*Bowen & Adams,* for respondent.

CHRISTIANSON, J.    Plaintiff brought this action to recover damages for certain personal injuries alleged to have been sustained by his falling into an open hatchway in the sidewalk at the side of defendant's general store in the village of Maxbass, in Bottineau county. The complaint avers, and the evidence shows, that plaintiff came out of the store building through a side door, after dark, one evening about the middle of August, 1909, and ran into a push cart standing on the sidewalk, then against the open hatchway, and fell to the bottom, a distance of from $4\frac{1}{2}$ to $5\frac{1}{2}$ feet. Plaintiff claimed that he sustained certain injuries about the head, face, and neck by such fall, and asked damages

NOTE.—On power of appellate court to grant new trial for excessive damages, see note in 26 L.R.A. 391.

Authorities discussing the question of granting new trial because of excessive verdict as an interference with the constitutional right to jury trial, are collated in a note in 51 L.R.A. (N.S.) 860.

in the sum of $5,000. The defendant interposed an answer, wherein he admitted that he was the owner of the building and operated a general store therein. The answer admitted the existence of a hatchway leading to the basement and forming part of defendant's store, and that on the evening when the accident occurred, plaintiff was in the store building by defendant's permission for the purpose of transacting business there. But the answer denies that said hatchway had been left open, or that plaintiff had been injured or damaged as alleged in the complaint, or at all.

The action was tried to a jury upon the issues framed by the pleadings. The court submitted to the jury only one question; namely, the amount of damages. The jury returned a verdict in plaintiff's favor for $800. Judgment was entered upon the verdict. The defendant thereafter moved for a new trial on the grounds: (1) Excessive damages appearing to have been given under the influence of passion and prejudice; (2) insufficiency of the evidence to justify the verdict; and (3) that the verdict is against law. The trial court made an order granting a new trial, unless the plaintiff should consent to a reduction of the verdict to $350, and plaintiff has appealed from this order.

Under the holdings of this court, a trial court is not authorized to direct a remission of a portion of a verdict in lieu of a new trial. If a jury awards excessive damages under the influence of passion or prejudice, the verdict is vitiated, and a new trial must be ordered. Carpenter v. Dickey, 26 N. D. 176, 143 N. W. 964; Waterman v. Minneapolis, St. P. & S. Ste. M. R. Co. 26 N. D. 540, 145 N. W. 19. Nor is a trial court authorized to grant a new trial merely because it deems the damages awarded by the jury to be excessive. It is only when, in view of all the circumstances, the trial court becomes satisfied that the jury was influenced by passion or prejudice in its deliberations, and as a result thereof awarded excessive damages.

The rules of law governing both trial and appellate courts in the consideration of motions for a new trial based upon this and other discretionary grounds have been so fully stated in many recent decisions of this court that it is unnecessary to enter into an extended discussion thereof, and we shall content ourselves by citing the decisions announcing the rules:

Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Skaar v. Eppeland,

35 N. D. 116, 159 N. W. 707; First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903.

In its memorandum decision, the trial court said: "The defendant's motion for a new trial strikes at the amount of damages allowed by the jury, and charges that the damages allowed are excessive and must have been given under the influence of passion or prejudice, and that the evidence does not justify the verdict of the jury herein. . . . The jury allowed him (plaintiff) $800 and this amount must have been allowed by the jury for the pain and suffering, as the question of the value of any lost time or the necessary expenses for medical treatment and the necessaries was not submitted to the jury,—there being no proof presented as to the value of any lost time, or that any medical services were rendered, or the value of medical services, or the amount and character of any medicines or surgical appliances furnished or used. *The sole question presented to this court, therefore, on a motion for new trial, is whether or not the damages allowed by the jury are excessive to such a degree as to show passion or prejudice on the part of the jury.* . . . A careful review of the testimony convinces me that the amount of damages allowed by the jury is excessive under the evidence in this case. There is testimony that the plaintiff experienced pain and suffering, but in the very nature of the case the testimony as to pain and suffering is confined largely to his own testimony. During the trial of the case it appeared that plaintiff had employed a physician, but there was no attempt to furnish the testimony of this physician to show the extent of his injuries. It is true plaintiff testified that he had been unable to work at times, but the extent of this incapacity is not shown; for all we know it may have been very trifling, and his own testimony showing the amount and the character of the work he did since shows that the injuries could not have been very serious. It seems to me, therefore, that the amount allowed by the jury is excessive. It is true that a mere difference of opinion as to the amount which should be allowed for damages will not of itself justify the interference by the court with the verdict of the jury. The matter is primarily a matter for the jury, and unless the amount is grossly excessive should not be disturbed. I believe the jury would have gone to the extreme in allowing $350."

It will be noted from the above, that the trial judge was of the

opinion that the jury, under the influence of passion and prejudice, returned a verdict for excessive damages. After a careful consideration of the evidence, and of all the facts and circumstances in the case known to the trial judge as a result of the trial, he believed the verdict was unjust and unrighteous to such a degree that the jury must have been actuated by passion and prejudice, rather than by reason, in reaching its determination. As we have already indicated, the ground upon which a new trial may be granted in cases of this kind, if at all, is not properly speaking the amount at which the damages are placed in the verdict, but the passion or prejudice which prompted the verdict. The power to grant new trials upon this ground, and the duty to do so, is expressly granted and imposed upon trial courts by our statutes. Comp. Laws 1913, §§ 7660, 7665. See also Reid v. Ehr, 36 N. D. 552, 162 N. W. 903. This power and duty exist whenever a trial court is satisfied that a verdict was dictated by passion or prejudice, regardless of whether the verdict is based upon uncontradicted or conflicting testimony. It exists even in cases where exemplary damages are recoverable. Spelling, New Tr. & App. Pr. § 231.

It is elementary that the trial court, who sees and hears the witnesses and parties, and is familiar with every incident which occurred during the trial, is vested with a wide discretion in determining whether excessive damages appear to have been given under the influence of passion or prejudice. The Constitution of this state vests in the trial courts original jurisdiction to determine questions arising in ordinary litigation, and grants to this court appellate jurisdiction only. N. D. Const. §§ 86, 103. It is for the trial court to determine whether a verdict was dictated by passion or prejudice. In determining this question the trial judge manifestly occupies a position of peculiar advantage,—not possessed by the members of this court. Hence, the reason for the wide discretion. The appellate court does not determine whether a new trial should be had. Its inquiry is limited to whether the trial court by its determination manifestly abused its discretion and effected an injustice. As a new trial merely affords the parties an opportunity to submit the questions to another jury, it is rarely, indeed, that an appellate court is justified in preventing such new trial.

A perusal of the entire record leads us to the conclusion that we cannot say that the trial court, who saw the witnesses and parties, heard their testimony, and observed their demeanor, abused his discretion in granting a new trial.

As already indicated, the trial judge was without authority to require a remission in lieu of a new trial. If the verdict was prompted by passion and prejudice, it was his duty to set it aside and order a new trial. The alternative provision, however, was rather error in favor of the plaintiff than against him, and the only portion of the order really involved on this appeal is that granting a new trial. And for the reasons already indicated, we do not feel justified in reversing that part of the order.

It follows from what has been said that the order appealed from, in so far as it grants a new trial, must be affirmed.

The costs of the action will abide the final result therein. But inasmuch as the order appealed from was in part erroneous, and is affirmed only in so far as it grants a new trial, neither party will recover costs on this appeal.

Bruce, Ch. J. (concurring). I have signed the opinion prepared by Mr. Justice Christianson and fully concur therein. There are, however, a few observations which I desire to make in connection therewith.

I am satisfied that this court cannot say that the trial judge abused his discretion in granting a new trial. The trial court withdrew from the jury the element of medical expenses on the ground that there was no competent evidence in relation thereto. The only element of damages, then, which the jury considered, was the pain and suffering sustained by the plaintiff; and, while a large number of witnesses testified in the action, there was practically no testimony bearing upon this question except that of the plaintiff. The record shows that Doctor Durnin, the physician from whom plaintiff received his principal treatment, lived at Westhope, less than 30 miles distant from Bottineau,—where the action was tried,—and yet he was not called as a witness. It also appears from the record that the present action was commenced more than five years after the accident occurred. The undisputed evidence further shows that plaintiff, some two years after the accident, paid the defendant $78.25, which he owed for goods pur-

chased at defendant's store. On the whole, I am entirely satisfied that this court would be wholly unjustified in interfering with the order of the trial court, in so far as it grants a new trial.

GRACE, J. (dissenting). The complaint states a cause of action on behalf of the plaintiff against the defendant in damages for the sum of $5,000 for personal injuries claimed as the result of the negligence of the defendant, who kept a store for the sale of merchandise at the village of Maxbass, Bottineau county, North Dakota, in maintaining a hatchway or entrance into the basement or cellar of such store building, which hatchway is situated in an elevated sidewalk adjacent to such building, said hatchway leading immediately from the sidewalk into the cellar or basement. Plaintiff alleges that the hatchway, forming part of said store building, was, by the negligence of the defendant and his clerks and employees, left open and in no manner protected, of which fact plaintiff had no knowledge; and without fault on his part, while leaving said store through the side door to the sidewalk, he fell through said hatchway into the basement or cellar, and injured thereby his head, neck, and spine, and has been sick and disabled therefrom ever since to the extent that said injuries are now permanent. There are other allegations showing the plaintiff's age, and that he is a married man, and the reduction of his ability to perform ordinary labor on his farm; and sums of money paid out for medical treatment are also set forth in the complaint.

The answer is a general denial.

The case was tried by the court and jury, and the jury brought in a verdict for the sum of $800. The court made its order reducing the verdict from $800 to $350, or in the event that plaintiff would not accept the sum to which such verdict was reduced, then a new trial would be granted.

The motion for a new trial specifies as grounds excessive damages appearing to have been given under the influence of passion and prejudice, and insufficiency of the evidence to justify the verdict. There is no showing anywhere in the record of any influence of passion and prejudice. The testimony of the plaintiff shows that he had paid out $200 for medical treatment, and between $25 and $30 for medicines, etc. His testimony shows that he suffered considerable pain, espe-

cially in the neck, and also endured other pain and suffering, and that especially the pain in and about his neck remains and is persistent. He testifies that, when he bends over, he is afflicted in a manner as shown by the testimony. That at times he is unable to work, and that his capacity to work is not more than half what it was before, or, in other words, that he is not more than half a man physically as compared with his prior condition.

There is no dispute but that the plaintiff fell headlong into the hatchway, and that he received some injuries to his person by reason of such fall, and particularly to his neck and head. The trial court instructed the jury that there was sufficient evidence to sustain a verdict for the plaintiff. The evidence, and all the circumstances and facts of the case, became then solely, entirely, and exclusively questions for the jury. The jury are the exclusive judges of fact. With their deliberations and judgment the trial judge cannot interfere. He has no more authority to interfere with their deliberations and verdict than the jury has to tell the court what the law is in a civil case. Especially is this true where there is no element in the case showing passion or prejudice, or any testimony or circumstances from which passion or prejudice may be plainly and directly inferred. Passion and prejudice cannot be inferred from the size of the verdict alone. There is sufficient evidence to sustain the verdict. There is no doubt but that in a proper case the trial court has a right to grant a new trial, and it is a well-settled rule of law in this state that the granting or refusing of a new trial is a matter which lies within the sound discretion of the trial court; but we do not think it is the right of the trial court to grant a new trial conditioned and based upon the defendant's refusal to receive and be satisfied with the verdict as reduced by the court. If there is a cause for a new trial, it should be promptly granted, and should be based upon the merits of the motion for a new trial. Parties to a litigation have a right to have the issues of fact submitted to a jury; and the determination of the jury is conclusive upon all questions of fact; and especially where there is testimony concerning disputed questions of fact, and all the facts and circumstances of the case are submitted to the jury, their verdict is conclusive and cannot be set aside on the ground that the jury was influenced by passion or prejudice, unless the fact of such passion or prejudice is made to appear by

competent proof, or unless it is shown by some of the circumstances and facts connected with the trial of the action. The passion and prejudice of the jury must be determined the same as any other fact. If passion or prejudice of the jury exist, it must be shown to exist by competent testimony, from facts and circumstances connected with the trial of the case, some expression of the jury, or some of them, or in some other manner which appeals to the intelligence of the court. *Passion and prejudice are not proved by the opinion of the court, where such opinion is not shown to be based upon some testimony, fact, or circumstance connected with the trial of the case, which proves, tends to prove, or strongly indicates passion or prejudice of the jury.*

ROBINSON, J. (dissenting). In this case it appears that the defendant was in general merchandise business at Maxbass, and in the nighttime he left open a trapdoor in the sidewalk opposite his store, and the plaintiff fell into the same and was badly hurt. The jury gave him a verdict for $800, and the court made an order granting a new trial unless the plaintiff agree to accept $350, and plaintiff appeals. The defendant makes the usual stock argument in such cases,—that the trial judge heard the evidence, saw the witnesses, and was competent to judge of the damages; and we may say the same is true of the jury, and it was the special province and duty of the jury to hear and consider the evidence and to estimate the damages. And, as a rule, in such a case, the opinion of twelve men should prevail over the opinion of one man. If the verdict of a jury is to be lightly set aside because a judge does not agree with them, we might as well do away with trial by jury. The actual damage was purely a question of fact; and if defendant was grossly at fault in leaving a trapdoor open, without any railings, for unwary people to fall down 5 or 6 feet at the risk of their lives, it was a proper case for some exemplary damages. And the jury might well consider the difference between damages voluntarily paid or tendered, and damages recovered at the end of a long and expensive lawsuit.

In this case it appears that nineteen witnesses were sworn, and the appeal record covers 152 pages. The testimony of defendant shows that he was badly hurt and for two years his neck has been bothering him very much. He says: "It bothers me in a great many ways. It pains me in my sleep. It bothers me to sit still a certain length of time and to drive my team. In sleep I cannot rest; it always hurts.

The pain is right up over the ears and in the head. It pains me in the neck and head and I am not able to work hard. I am not half as good a man as I was before the hurt. I cannot stand digging or stooping. It hurts me a good deal in the nighttime. There is never any length of time but what it hurts me."

For two years he has been doctoring and using liniments and plasters and medical treatment, and he estimates the total expense at over $200. Objection was made to that because it is not specially pleaded as damages; that is, the complaint does not give the items. It merely avers that the plaintiff had paid out for medicine and medical treatment large sums of money. There are few who would keep a special account of medical treatment and expense running nearly two years. There was nothing in the evidence to surprise the defendant. No man can read the evidence and say for a certainty that $800 was even a full compensation for the actual damages sustained by the defendant. Hence, the order of the district court should be reversed and the judgment affirmed.