A. H. KLASEN, Appellant, v. CARL KINNISCHTYKE, Franz Muller, Chas. C. Muller, Aug. Kroh, and P. G. Kastner, Defendants. CARL KINNISCHTYKE, Respondent.

(215 N. W. 552.)

New trial — judicial discretion of trial court — not disturbed except for abuse.

1. A motion for a new trial on the ground of the insufficiency of the evi-

Annotation.— (1) Application for new trial generally addressed to discretion of trial court, see 20 R. C. L. 227; 3 R. C. L. Supp. 1046; 4 R. C. L. Supp. 1347; 5 R. C. L. 1091; 6 R. C. L. Supp. 1199.

dence is addressed to the judicial discretion of the trial court, and will not be reversed, unless the record discloses an abuse of discretion.

**New trial — in instant case discretion not abused.**
    2. Evidence examined and *held*, that the order granting a new trial was not an abuse of discretion.

Opinion filed October 13, 1927.

Appeal and Error, 4 C. J. § 2816 p. 833 n. 57. New Trial, 29 Cyc. p. 1008 n. 48; p. 1009 n. 54.

Appeal from the District Court of Morton County, *Lembke,* J. Affirmed.
*C. F. Kelsch* and *A. H. Klasen,* for appellant.
*Rigler & Halpern,* for respondent.

BURKE, J.   This is an action to recover a balance claimed to be due on a promissory note, and alleged to have been sold and assigned by the payee to the plaintiff.

There was a verdict for the plaintiff, and, thereafter, the defendant applied for a new trial, specifying as grounds therefor that the evidence is insufficient to sustain the verdict of the jury, and upon other grounds, and for judgment notwithstanding the verdict.   The motion for judgment notwithstanding the verdict was denied, and the motion for a new trial on the ground of the insufficiency of the evidence to support the verdict was granted, from which order the plaintiff appeals.

A motion for a new trial based upon the ground that the evidence does not justify the verdict is addressed to the sound judicial discretion of the trial court; and the order made thereon, based upon such ground, will not be reversed in this court, unless the record discloses an abuse of discretion, and this is especially true in cases where a new trial is ordered in the court below.   Gull River Lumber Co. v. Osbrone-McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147.   We have read the evidence

carefully and cannot say there was an abuse of discretion, and the judgment is affirmed.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.