Orvel CURNS and Orvel R. Curns, d/b/a
Curns and Sons Construction, Plain-
tiffs and Appellants,

v.

Robert L. MARTIN, Defendant and
Respondent.

Civ. No. 8764.

Supreme Court of North Dakota.

Dec. 16, 1971.

William R. Mills, Bismarck, for plaintiffs and appellants.

R. J. Bloedau, Mott, for defendant and respondent.

ERICKSTAD, Judge.

The Curnses as plaintiffs appeal from the judgment of the district court of Hettinger County, which was dated and filed the 10th of February 1971. The judgment upon a verdict of the jury dismisses the plaintiffs' first cause of action, which asserts that the defendant supplied the plaintiffs with defective concrete, which the plaintiffs used in making driveways, sidewalks, curbs and gutters, and garage slabs in the Swindler Addition to the city of Mott, which caused extreme dissatisfaction to seventeen customers and injury to the plaintiffs' reputation. The judgment also dismisses the defendant's counterclaim, which in essence asserts that the plaintiffs slandered the defendant, to his detriment. The plaintiffs' second cause of action, alleging that the defendant slandered the plaintiffs, was severed from the complaint by order of the district court.

Before we may consider the merits of this appeal, we must consider the motion made by the defendant in our court to strike the statement of the case and the specifications of error. The defendant asserts that this motion should be granted for the reason that specifications of error were not served with the notice of appeal as expressly required by Section 28–18–09, N.D.C.C.

"28–18–09. Specifications of errors and insufficiency of the evidence.—A party desiring to make a motion for a new trial or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, except upon appeals triable de novo in the supreme court, shall serve with the notice of motion, or notice of appeal, a concise statement of the errors of law he complains of, and if he claims the

evidence is insufficient to support the verdict or that the evidence is of such character that the verdict should be set aside as a matter of discretion, he shall so specify. . . . "

■ In this case we do not have an appeal triable de novo in our court, nor do we have an appeal from an order denying a motion for new trial. Under these circumstances, we have in the past held that we will consider only those errors which appear on the face of the judgment roll.

"The plaintiffs, as respondents on this appeal, assert that, since specifications of error were not served with the notice of appeal, our review is limited to those errors appearing on the face of the judgment roll. We have so held. Odegaard v. Investors Oil, Inc., N.D., 118 N.W.2d 362." Fox v. Bellon, 136 N.W.2d 134 (N.D.1965).

■ Accordingly, since certain errors that are specified in this appeal relate to errors of law made by the trial court in rulings on the admission of testimony, and as those rulings are contained in the transcript, they are not errors appearing on the face of the judgment roll and thus need not be considered by this court upon appeal.

In the interests of justice, however, we have reviewed the specifications of error in light of the transcript, which is a part of the statement of the case, and conclude that we would affirm the trial court in its rulings if the specifications of error were properly before us.

In essence, what the plaintiffs allege is that the concrete mix they bought from the defendant and used in the Swindler Addition to the city of Mott was defective.

■ They contend that the trial court erred when it refused to receive testimony that the work performed by the plaintiffs with concrete from a supplier other than the defendant turned out well; that it erred when it refused to receive testimony that work performed by others than the plaintiffs using concrete supplied by the defendant turned out bad; and that it again erred when it refused to receive testimony to show, notwithstanding that the defendant testified that the plaintiffs asked him to add more sand to the mix, that concrete supplied by the defendant to others, who had not requested that more sand be added, also turned out bad.

Assuming for the sake of argument only that the evidence offered but refused would have proved that the defendant at other times to other persons during the summer of 1969 supplied bad mixes, and that work of the plaintiffs when supplied by others turned out well because of the good mixes of others, we do not believe that that evidence was material in proving that the mix supplied to the plaintiffs for the Swindler Addition was defective.

The law we apply is stated to be the general rule.

". . . as a general rule, the commission of an act cannot be proved by showing the commission of similar acts by the same person or his agents or employees at other times and under other circumstances, unless the acts are connected in some special way, indicating a relevancy beyond mere similarity as to some particulars. Generally, also, exclusion is required of all evidence of similar or comparable facts, acts, or conduct which are incapable of raising any reasonable presumption or inference as to any principal and material fact or matter in dispute. . . . " 29 Am.Jur.2d Evidence § 298, pp. 342, 343.

See also Thornburg v. Perleberg, 158 N.W.2d 188, at 189, Syllabus 1 (N.D.1968).

In the final analysis, we think the decision was for the trial court, it being basically a question of relevancy in this

case. During the summer of 1969 the defendant supplied concrete to 227 customers. If the court were to receive testimony of the bad results from the defendant's mix, it would in fairness have to receive testimony as to the other jobs and this could add appreciably to the length and complexity of the trial. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to accept this testimony.

 We next turn to the specification of error which is reviewable on the judgment roll, and that is that the trial court awarded costs and attorney fees to the defendant in improper amounts.

In arguing that specification of error, the plaintiffs assert that since their action against the defendant was dismissed and the defendant's counterclaim against plaintiffs was also dismissed, neither side should be awarded costs and disbursements.

The defendant refers us to Dows v. Glaspel, 4 N.D. 251, 60 N.W. 60 (1894), in which this court held that a defendant's rights to costs do not depend upon his sustaining a counterclaim which he may have interposed.

"The trial court erred, however, in refusing costs to defendant. Plaintiffs, having failed to establish their cause of action, were not entitled to costs; and in all cases in which the plaintiff is not entitled to costs the defendant recovers costs as a matter of course. His rights do not depend upon his sustaining a counterclaim which he may have interposed. It depends solely upon his preventing a recovery of costs by the plaintiff. Had defendant set up no counterclaim, there would have been no doubt about his right to costs. He is in no worse position because he did interpose

a counterclaim, and failed to sustain it." Dows v. Glaspel, *supra,* 60 N.W. 60, 66.

Without determining whether we should, today, affirm a decision which was rendered prior to the adoption of our Rules of Civil Procedure, which, according to Rule 1 thereof, are to be construed to secure the just, speedy, and inexpensive determination of every action, we think it sufficient to say that the plaintiffs are not entitled to relief in our court on this specification, for the reason that they have failed to avail themselves of a review in the trial court of the clerk's action in taxing the costs. Such a review is provided for in Section 28–26–16, N.D.C.C. It reads:

"A taxation or a retaxation of costs may be reviewed by the court upon motion. The order made upon such motion may allow or disallow any item objected to before the taxing officer, in which case it has the effect of a new taxation."

Although the plaintiffs contend that they objected to the taxation of the costs, we think that they must do more than merely file an objection thereto with the clerk of the court, and that the responsibility falls upon them to secure a hearing before the trial court if they feel aggrieved.

We liken this to the failure of counsel in the case of Bohn v. Eichhorst, 181 N.W. 2d 771 (N.D.1970), to secure a hearing date from the court on its motion for continuance, to notice the motion for hearing at such date, and to serve notice of said motion and hearing upon the adverse party.

For reasons stated herein, the judgment of the trial court is affirmed.

STRUTZ, C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.