Martin L. BENEFIET and Sarah M. Benefiet, Plaintiffs and Appellants

v.

Brett C. HOIBY, individually and doing business as Cordell Paul Investments, Defendant and Appellee

and

Metro Realty Group, Inc., a North Dakota corporation, Defendant.

Civ. No. 10873.

Supreme Court of North Dakota.

June 27, 1985.

Timothy J. Austin (argued), of Kelsch, Kelsch, Bennett, Ruff & Austin, Mandan, for plaintiffs and appellants.

Brett C. Hoiby, pro se.

VANDE WALLE, Justice.

The plaintiffs, Martin and Sarah Benefiet, have filed an appeal from an amended judgment of the district court granting a judgment n.o.v. to the defendant, Brett C. Hoiby, and dismissing the Benefiets' action against Hoiby. Another defendant, Metro Realty Group, Inc. (Metro Realty), has been voluntarily dismissed from this appeal by stipulation. We reverse and remand for a new trial.

During March 1981, the Benefiets purchased a business, the Ramp Tavern, from Hoiby. Hoiby retained Metro Realty to sell the business on his behalf and the Benefiets purchased the business through Dave Roberson, an employee of Metro Realty. At the time the Benefiets were contemplating the purchase of the Ramp Tavern, Roberson provided them with an "Income Statement" reflecting the receipts, expenses, and income of the business.

Following their purchase of the Ramp Tavern, the Benefiets operated the business for approximately nine months. During that time, they did not realize profits from the business consistent with their expectations based upon the Income Statement. In November 1981 they returned the business to Hoiby, and he operated it until it was resold to another party.

The Benefiets commenced this action for damages, asserting that Hoiby induced them to purchase the business by fraudulently misrepresenting its financial condition. A jury trial was held, and the jury returned a special verdict finding that Hoiby fraudulently induced the Benefiets to purchase the Ramp Tavern and awarding the Benefiets compensatory damages in the amount of $35,000. Thereafter, the district court granted Hoiby's motion for a judgment n.o.v. and dismissed the Benefiets' action.

In essence, the Benefiets have raised two issues on appeal:

(1) Whether the district court applied an improper standard in granting Hoiby's motion for judgment n.o.v.; and

(2) Whether the district court erred in granting the motion for judgment n.o.v.

The district court stated in its order granting the motion:

"In deciding this portion of the motion, this court may, within limits, weigh the evidence and judge the credibility of the witnesses to determine whether or not the verdict is against the weight of the evidence."

■ It is well settled that in reviewing a motion for judgment n.o.v. the trial court must view the evidence in the light most favorable to the party against whom the motion is made, and the court cannot weigh the evidence or judge the credibility of the witnesses. *Farmers Co-op. Elevator of Cavalier v. Lemier*, 328 N.W.2d 833 (N.D. 1982); *Okken v. Okken*, 325 N.W.2d 264 (N.D.1982); *Anderson v. Kroh*, 301 N.W.2d 359 (N.D.1980). The standard for reviewing a judgment n.o.v. was summarized in *Okken, supra:*

"In determining if the evidence is sufficient to create an issue of fact, and hence in determining if judgment n.o.v. should be granted, the trial court must employ a rigorous standard with a view toward preserving verdicts. *Riebe v. Riebe*, 252 N.W.2d 175 (N.D.1977). The test is whether or not the evidence, when viewed in the light most favorable to the

party against whom the motion is made, leads to but *one* conclusion as to the verdict about which there can be no reasonable difference of opinion. *Staiger v. Gaarder*, 258 N.W.2d 641 (N.D.1977). In employing this standard, the trial judge is not free to consider the weight of the evidence or to judge the credibility of witnesses; on the contrary, he is required to accept the truth of the evidence presented by the party opposing the motion and the truth of all reasonable inferences from that evidence which support the jury verdict. *Riebe, supra*, 252 N.W.2d at 177; 9 Wright & Miller, *Federal Practice and Procedure*, Civil 2524." 325 N.W.2d at 267.

■ We conclude that the district court applied an improper standard in granting Hoiby's motion for judgment n.o.v.

The Benefiets also assert that, because there was sufficient evidence to support the jury verdict in their favor, the district court erred in granting the judgment n.o.v. We agree.

■ Fraud is a question of fact for the jury to determine, and the party alleging fraud must prove it by evidence that is clear and convincing. *Buehner v. Hoeven*, 228 N.W.2d 893 (N.D.1975); *Verry v. Murphy*, 163 N.W.2d 721 (N.D.1968). Section 9–03–10, N.D.C.C.

"Actual fraud" is defined under Section 9–03–08, N.D.C.C.:

"*9–03–08. 'Actual fraud' defined.* —Actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto or to induce him to enter into the contract:

"1. The suggestion as a fact of that which is not true by one who does not believe it to be true;

"2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though he believes it to be true;

"3. The suppression of that which is true by one having knowledge or belief of the fact;

"4. A promise made without any intention of performing it; or

"5. Any other act fitted to deceive."

■ When viewed in a light most favorable to the Benefiets there is evidence in this case upon which the jury could have found that Hoiby, with an intent to deceive, provided, through Roberson, the Benefiets with an Income Statement containing false information about the financial condition of the business, that the Benefiets reasonably relied upon that information in deciding to purchase the business, and that as a result of the fraudulently induced purchase of the business the Benefiets incurred substantial monetary damage.

We conclude that because there was sufficient evidence to support the jury verdict the district court erred in granting Hoiby's motion for judgment n.o.v.

Upon granting the judgment n.o.v., the district court ruled upon Hoiby's alternative motion for a new trial, as required by Rule 50(c), N.D.R.Civ.P., and denied it.

In *Okken, supra,* this court highlighted the distinctions between the standard for reviewing a motion for judgment n.o.v. and a motion for a new trial:

"On a motion for judgment n.o.v., the trial judge has no discretion in viewing the evidence.... If, on the other hand, the motion is for a new trial, the trial judge has a certain amount of discretion in viewing the evidence. Here, the trial court may, within limits, weigh the evidence and judge the credibility of witnesses.... In particular, when a motion for a new trial is made and the reason given in support of the motion is that there was insufficient evidence to justify the verdict, the moving party is asking the trial court to decide whether or not the verdict is against the weight of the evidence. And in making this decision, the trial judge must weigh the evidence.

... [H]e must consider that evidence which supports the verdict equally with that evidence which challenges the verdict. In short, when ruling on a motion for a new trial, the trial judge may consider *all* the evidence." [Citations omitted.] 325 N.W.2d at 269.

The trial court did, as we have noted, weigh the evidence, and in its order expressly concluded:

"... [t]he evidence in this case, even taken in the light most favorable to the plaintiffs, cannot sustain the verdict.

.        .        .        .        .

"... [A]ll of the evidence that could be presented by the parties of this lawsuit was presented to the jury in the prior trial and that this evidence is insufficient to uphold a verdict for the plaintiffs." [1]

A motion for a new trial is directed to the discretion of the trial court, and the trial court's determination on the motion will not be reversed on appeal unless the trial court has manifestly abused its discretion. *Roberts v. Hail Unlimited, Division of International Business,* 358 N.W.2d 776 (N.D.1984); *Mitchell v. Barnes,* 354 N.W.2d 680 (N.D.1984).

■ With regard to the new trial motion, it was proper for the trial court to weigh the evidence and judge the credibility of the witnesses. The trial court, having done so and having determined that the evidence was insufficient to sustain the jury verdict, acted inconsistently and thereby abused its discretion in denying the new trial motion.

In accordance with this opinion, the amended judgment granting Hoiby a judgment n.o.v. is reversed, and we remand the case for a new trial.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

1. After hearing the arguments in this case, we are not convinced that additional evidence will not be adduced at a new trial.