Raymond ZAJAC, Plaintiff and Appellant,

v.

OLD REPUBLIC INSURANCE COMPANY, Defendant and Appellee.

Civ. No. 10869.

Supreme Court of North Dakota.

Aug. 15, 1985.

Solberg, Stewart, Boulger & Miller, Fargo, for plaintiff and appellant; argued by Garylle B. Stewart, Fargo.

Johnson, Johnson, Stokes, Sandberg & Kragness, Wahpeton, for defendant and appellee; argued by A.W. Stokes, Wahpeton.

ERICKSTAD, Chief Justice.

Raymond Zajac (Zajac) appeals from a district court judgment granting Old Republic Insurance Company (Old Republic) a judgment n.o.v. and a new trial in the event that the judgment n.o.v. is reversed. We reverse that part of the judgment granting judgment n.o.v. and affirm that part granting a new trial.

On June 3, 1982, Zajac purchased a hail insurance policy from Old Republic. On July 8, 1982, three of Zajac's insured soybean fields were damaged by hail. Old Republic determined that Zajac's fields had sustained the following losses: Field No. 1—28.7%; Field No. 2—61%; and Field No. 3—39%. Zajac disagreed with Old Republic's adjustment of the losses and brought suit. The action was tried to a jury, which returned a special verdict finding the following percentages of hail loss: Field No. 1—47%; Field No. 2—77%; and Field No. 3—52%.

After judgment was entered in accordance with the jury verdict, Old Republic filed motions for judgment n.o.v. and for a new trial. The district court granted the motion for judgment n.o.v. and conditionally granted the motion for new trial, and judgment was entered accordingly, including the percentages of crop loss previously found by Old Republic. Zajac asserts on appeal that the evidence was sufficient to support the jury's verdict and that the trial court therefore erred in granting the motion for judgment n.o.v. and abused its discretion in conditionally granting the motion for new trial.

We recently said in *Benefiet v. Hoiby*, 370 N.W.2d 513, 515 (N.D.1985):

"It is well settled that in reviewing a motion for judgment n.o.v. the trial court must view the evidence in the light most favorable to the party against whom the motion is made, and the court cannot weigh the evidence or judge the credibility of the witnesses. *Farmers Co-op. Elevator of Cavalier v. Lemier*, 328 N.W.2d 833 (N.D.1982); *Okken v. Okken*, 325 N.W.2d 264 (N.D.1982); *Anderson v. Kroh*, 301 N.W.2d 359 (N.D.1980). The standard for reviewing a judgment n.o.v. was summarized in *Okken, supra:*

'In determining if the evidence is sufficient to create an issue of fact, and hence in determining if judgment n.o.v. should be granted, the trial court must employ a rigorous standard with a view toward preserving verdicts. *Riebe v. Riebe*, 252 N.W.2d 175 (N.D. 1977). The test is whether or not the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but *one* conclusion as to the verdict about which there can be no reasonable difference of opinion. *Staiger v. Gaarder*, 258 N.W.2d 641 (N.D.1977). In employing this standard, the trial judge is not free to consider the weight of the evidence or to judge the credibility of witnesses; on the contrary, he is required to accept the truth of the evidence presented by the party opposing the motion and the truth of all reasonable inferences from that evidence which support the jury verdict. *Riebe, supra*, 252 N.W.2d at 177; 9 Wright & Miller, *Federal Practice and Procedure*, Civil 2524.' 325 N.W.2d at 267."

*See also Roberts v. Hail Unlimited*, 358 N.W.2d 776 (N.D.1984); *Nokota Feeds, Inc. v. State Bank of Lakota*, 210 N.W.2d 182 (N.D.1973).

Old Republic claims adjusters testified: (1) about the procedures employed in examining Zajac's fields to arrive at a percentage of plant damage [1] and, ultimately, to a percentage of crop loss; (2) that the procedures employed to adjust the loss complied with the terms of the insurance policy; (3) about the growth stage of the plants; (4) about factors affecting plant recovery after damage by hail; (5) to the percentage of crop loss found; and (6) that adjusters' opinions can vary and "it's down to a judgment call at times."

Zajac testified that: (1) while Old Republic did an accurate assessment of the percentage of plant damage it did not do an accurate assessment of the percentage of crop loss; (2) in his opinion the crop loss percentages for the three fields were: Field No. 1—between 45% and 55%; Field No. 2—between 75% and 85%; and Field No. 3—between 50% and 60%; (3) other farmers had fields with the same or lower percentages of plant damage and higher percentages of crop loss; and (4) that Field No. 2 recovered better than he thought it would, while the other fields did not recover as much as he thought they would. Zajac based his determinations upon (1) physical observations of other farmers' fields which were planted within days of his own on similar soils with similar moisture and comparing the plant damage he observed in those fields to the plant damage he observed in his fields, and (2) by comparing the percentages of plant damage and crop loss on fields of other farmers insured and adjusted by Old Republic to the percentages of plant damage and crop loss on his fields.

■ When viewed in the light most favorable to Zajac, there is evidence from which the jury could reasonably find the percentages of crop loss that it did. The evidence is sufficient to support the jury's verdict and we therefore conclude that the trial court erred in granting Old Republic's motion for judgment n.o.v.

■ A motion for a new trial is addressed to the sound discretion of the trial court and its decision on the motion will not be reversed on appeal unless the trial court has manifestly abused its discretion. *Benefiet v. Hoiby, supra; Roberts v. Hail Unlimited, supra; Cook v. Stenslie,* 251 N.W.2d 393 (N.D.1977). An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Cook v. Stenslie, supra.* The standard for reviewing a ruling on a motion for a new trial is less rigorous than for a ruling on a motion for judgment n.o.v. *Roberts v. Hail Unlimited, supra; Nokota Feeds, Inc. v. State Bank of Lakota, supra.* A stronger showing is required to reverse the granting of a new trial than to reverse the denial of a new trial. *Knorr v. K–Mart Corp.,* 300 N.W.2d 47 (N.D.1980); *Cook v. Stenslie, supra.*

"In *Wagoner v. Bodal,* 37 N.D. 594, 164 N.W. 147, 149 (1917), we said:

'As a new trial merely affords the parties an opportunity to submit the questions to another jury, it is rarely indeed that an appellate court is justified in preventing such new trial.'

"Accordingly, we require a strong showing by the appellant, on whom the burden rests, to demonstrate that manifest abuse of discretion existed on the part of the trial judge in granting the motion for a new trial." *Cook v. Stenslie, supra,* 251 N.W.2d at 396.

■ An order granting a new trial will be upheld "even though the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one." *Aylmer v. Adams,* 30 N.D. 514, 153 N.W. 419, 421 (1915). Although we are more reluctant to overturn an order granting a new trial than an order denying a new trial, there must be some basis in the record for granting a new trial. *Regan Farmers Union Co-Op. v. Swenson,* 253 N.W.2d 327 (N.D.1977); *Fer-*

1. A Soybean Survey Sheet completed by Old Republic adjusters shortly after the fields were damaged indicated average plant damage percentages on the three fields of: Field No. 1—42.5%; Field No. 2—100%; and Field No. 3—41.5%. With regard to the plant damage on Field No. 2, the survey sheet contained the handwritten notation: *"Very* Severe".

*guson v. Hjelle*, 180 N.W.2d 408 (N.D. 1970).

The trial court's decision to grant Old Republic a new trial in the event that the judgment n.o.v. were reversed was based on its perception that Old Republic's adjustment procedures complied with the insurance contract and that the methods Zajac used to arrive at his opinion on the percentage of crop loss were neither as reliable as the procedures used by Old Republic nor contemplated by the insurance contract.

The insurance contract provides in part:

"b.  Our Duties Are:

(1) Adjust all losses.

(2) Pay the loss within 30 days after we reach agreement with you, entry of a final judgment, or the filing of any appraisal award with us.

"c.  Adjustment Procedures.

We recognize and apply the Loss Adjustment Procedures used by the Crop Insurance Industry."

■ Whether Old Republic's procedures for determining crop loss do or don't comply with the provisions of the policy, Zajac is entitled to an amount which represents his actual percentage of crop loss, which he may prove by a method other than "the Loss Adjustment Procedures used by the Crop Insurance Industry." *Roberts v. Hail Unlimited, supra.* Further, we note that Zajac did not disagree with the percentages of plant damage, but disagreed with the ultimate percentages of crop loss calculated by Old Republic. The methods employed by Zajac constitute relevant evidence to cast doubt upon the accuracy of the percentages of loss determined by Old Republic's adjusters and to add credence to his own estimates of crop loss. The provisions of the contract previously quoted contemplate that there may be disagreement as to ultimate crop loss as distinguished from initial plant damage. There was testimony adduced at trial that adjusters using the same procedures may vary in the results they achieve.

■ It is proper for the trial court to weigh the evidence and judge the credibility of the witnesses when determining the merits of a motion for new trial. *Benefiet*

*v. Hoiby, supra.* Old Republic attempts at great length to discredit Zajac's testimony on crop loss because Zajac was not a hail insurance adjuster and had received no training in hail loss adjustment. Zajac did not claim to be an expert hail adjuster. He claimed only that he had "been a farmer long enough that I realize when I do have a loss." Zajac's lack of professional experience and training in the business of adjusting hail losses may be why he testified to ranges of loss (*i.e.,* 45%—55%, 75%—85%, and 50%—60%), rather than pinpointing specific percentages of loss. We believe an insured's lack of professional experience and training in the business of adjusting hail losses properly affects only the weight to be attached to his testimony by the trier of fact.

■ The trial court indicated concern about Zajac's method of arriving at his opinion on percentages of crop loss. Zajac's physical observations of other farmers' fields in the area in order to compare them to his own were limited to what he observed from the road, without looking at the entire fields or walking into them. Zajac's comparison of the loss adjustments received by other farmers, whose fields had lower percentages of plant damage and higher percentages of crop loss, may not have clearly taken into account the varying abilities of different fields to recover from hail damage, depending upon such things as soil conditions, fertilizer, and types of seed. Thus, the trial court's grant of a new trial does have a basis in the record and we are unable to conclude that the trial court manifestly abused its discretion in conditionally granting a new trial.

For the reasons stated, we reverse that part of the judgment granting judgment n.o.v. and affirm that part of the judgment granting Old Republic a new trial.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.