Dorothy M. LANGE and Leslie E. Lange, Plaintiffs and Appellees,

v.

Howard F. CUSEY, Defendant and Appellant.

Civ. No. 10962.

Supreme Court of North Dakota.

Dec. 18, 1985.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for plaintiffs and appellees; argued by James R. Jungroth.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendant and appellant; argued by John H. Moosbrugger.

LEVINE, Justice.

Howard F. Cusey appeals from orders granting Dorothy M. Lange and Leslie E. Lange a new trial and rescinding a release. We affirm the order granting a new trial, modify the award of damages and reverse the rescission order.

This case arises from an automobile accident in which Cusey's truck collided with the rear end of the car Dorothy Lange was driving. The Langes sued Cusey alleging that Dorothy's injuries and Leslie's loss of consortium were caused by Cusey's negligence. Because the jury found Dorothy and Cusey equally negligent the Langes recovered none of the damages established at $53,430 for Dorothy and $5,700 for Leslie. Following the Langes' motion, the trial court ordered a new trial on the issue of liability alone.

In granting the new trial the trial court determined that the jury verdict was against the great weight of evidence and that on the question of liability it would "constitute an injustice to permit said verdict to stand." The trial court further found that the verdict "could be attributed to the improper questions asked by Cusey's attorney." Cusey claims the trial court erred in ordering a new trial.

Granting a new trial is within the sound discretion of the trial court and will not be reversed on appeal unless there has been a manifest abuse of discretion. *Zajac v. Old Republic Ins. Co.,* 372 N.W.2d 897 (N.D.1985). An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Zajac, supra.* Because a new trial merely affords the parties an opportunity to submit the question to another jury, it is rare that the appellate court is justified in preventing such a new trial. *Wagoner v. Bodal,* 37 N.D. 594, 164 N.W. 147 (1917). We will thus uphold the granting of a new trial even though the trial court would have been justified in reaching a different conclusion, and even though we might have deemed a different conclusion the better one. *Aylmer v. Adams,* 30 N.D. 514, 153 N.W. 419 (1915).

North Dakota Rule of Civil Procedure 59(b)(1) provides that a new trial may be granted for:

> "Irregularity in the proceedings of the court, jury, or adverse party ... by which either party was prevented from having a fair trial."

To justify a new trial pursuant to Rule 59(b)(1) the irregularity of the adverse party must be one which is patent, obvious, or evident from the record. *Hoge v. Hoge,* 281 N.W.2d 557 (N.D.1979). "Irregularity" is defined as nonconformance to a rule or a law, or failure to follow requirements of the law. *Bohn v. Eichhorst,* 181 N.W.2d 771 (N.D.1970).

Here the alleged irregularities were two statements made by Cusey's attorney. In his opening statement Cusey's attorney stated that "[Cusey] had driven semis some two million miles without having an accident." The second remark came as Cusey's attorney cross-examined Dorothy Lange: "And do you recall saying to him, 'My husband is going to be upset because I have been in so many accidents in the past'?" Objections to both statements were sustained. However, motions for mistrial were denied and following the first statement a cautionary instruction was given. In ordering a new trial the trial court concluded that these two statements tainted the verdict.

The general rule is that the commission of an act cannot be proved by showing the commission of similar acts by the same person at other times. North Dakota Rules of Evidence 404 and 608. *Thornburg v. Perleberg,* 158 N.W.2d 188 (N.D. 1968). Thus evidence of reputation for care or lack of care or of proneness to accident is inadmissible on the issue of negligence. *Thornburg v. Perleberg, supra. See also Curns v. Martin,* 193 N.W.2d 214 (N.D.1971); *Trautman v. New Rockford-Fessenden Co-op. Tr. Ass'n,* 181 N.W.2d 754 (N.D.1970).

The remarks by Cusey's attorney implied that Cusey's good driving record demonstrated he was a careful driver, while Dorothy's accident proneness demonstrated a likelihood that she caused the collision with Cusey. Rules of Evidence 404 and 608 bar placing such irrelevant information in front of the jury. *South v. National R.R. Passenger Corp.,* 290 N.W.2d 819 (N.D.1980) (evidence of one's past driving record is inadmissible to prove that a person acted negligently on the occasion in dispute); *Thornburg v. Perleberg, supra.* The decision to order a new trial because of improper remarks by counsel rests within the discretion of the trial court and will be reversed only upon a manifest abuse of discretion. *South v. National R.R. Passenger Corp., supra; Kresel v. Giese,* 231 N.W.2d 780 (N.D.1975).

Cusey argues that the evidence was sufficient to sustain the verdict and that the comments were not improper and in any event not prejudicial. While the improper comments alone may not have justified a new trial, we cannot conclude the trial court manifestly abused its discretion in granting a new trial based upon the rather balanced evidence in conjunction with the improper comments. The comments were not conducive to a fair trial. Moreover, the trial court was in a superior position to weigh their effect on the jury in relation to all the evidence. The trial court

may have had in mind the message, if not the words, of Justice Jackson:

"The naive assumption that prejudicial effects can be overcome by instructions to the jury [citations omitted] all practicing lawyers know to be unmitigated fiction." *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (Jackson, J., concurring).

We will thus not second-guess the trial court's conclusion that the improper remarks tainted the verdict. These remarks were clearly prohibited by the Rules of Evidence and the risk that a new trial may be granted under such circumstances is one that must fairly be assumed by a party whose trial tactics test the limits of the Rules.

■ Cusey next contends the trial court erred in ordering a new trial on the issue of liability alone. Although the trial court may order a partial new trial it should do so only with great caution. *Deschane v. McDonald*, 86 N.W.2d 518 (N.D.1957). Here it is not claimed that the damages assessed by the jury were excessive or that a compromise verdict could reasonably be inferred from the award. *See Cook v. Stenslie*, 251 N.W.2d 393 (N.D.1977). Nor are the damages inextricably bound to the issue of liability. *See Jim's Hot Shot Serv. v. Continental West Ins.*, 353 N.W.2d 279 (N.D.1984). Rather, Cusey argues that he tried this case on the basis of liability, and therefore did not obtain an independent medical evaluation of Dorothy's injuries. He argues that if the new trial is limited to the issue of liability he will be unable to "dispute the extent of the injury and the amount of the damages." However, Cusey had that opportunity. A desire for a different tactical approach in the new trial is not a sufficient ground to reverse the trial court's granting of a partial new trial.

■ Because the issue to be retried is distinct and separable and because neither party claims the damages assessed by the jury were inappropriate, or that the verdict

resulted from a compromise, we conclude the trial court did not manifestly abuse its discretion in limiting the new trial to the issue of liability alone. *See Sentell v. Higby*, 87 Wis.2d 44, 273 N.W.2d 780 (Ct.App. 1978).

The final issue is whether the trial court erred in setting aside a release signed by Leslie Lange.

Following the accident Leslie, in return for a $750.00 payment from Cusey's insurer, signed a release discharging Cusey from any liability to him arising from the accident.[1] Dorothy did not sign the release and her claims against Cusey remained intact. The trial court determined as a matter of fact that Leslie, in signing the release, did not intend to discharge Cusey from liability for loss of consortium. Rather, the $750 Leslie received for signing the release was a payment for damage to the car, as distinguished from a "purchase of peace," *i.e.*, a general release discharging Cusey from all liability to Leslie arising from the accident. The trial court therefore rescinded the release.

The Langes defend the trial court's order rescinding the release on the basis of mistake. NDCC § 9–09–02(1). A contract may be rescinded if a party's consent was given under a mistake of fact or law. NDCC §§ 9–09–02(1), 9–03–12.

A mistake of fact is defined in § 9–03–13:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:

1. An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or

2. Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed."

A mistake of law is defined in § 9–03–14:

"Mistake of law constitutes a mistake within the meaning of this title only when it arises from:

---

1. The release stated that Leslie "hereby releases, acquits, and forever discharges [Cusey] of and from any and all actions, causes of actions, claims, demands, costs, loss of services, ex-

penses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from [the accident]."

1. A misapprehension of the law by all parties, all supposing that they knew and understood it and all making substantially the same mistake as to the law; or

2. A misapprehension of the law by one party of which the others are aware at the time of contracting, but which they do not rectify."

██ A mistake is not ground for rescission unless it is a mistake of the kind delineated in §§ 9–03–13 and –14. It is apparent from the record that Leslie signed the release mistakenly believing that he was releasing only his claim for damage to his car and was unaware of his possible claim for loss of consortium. However, Leslie's misunderstanding was not a mistake of fact or law as defined by statute and consequently mistake was not a ground for rescission under § 9–09–02(1).

██ Leslie's misunderstanding of the effect of the release was not a mistake of fact under § 9–03–13 because he was aware of the facts as they really were, *i.e.*, that his car had been damaged and his wife injured in the collision with Cusey. Rather, Leslie's erroneous belief that the release did not discharge his claim of loss of consortium resulted from his ignorance that under these facts he had such a claim.

██ However, this error was not a mistake of law pursuant to § 9–03–14. There is no evidence that Cusey or the insurance agent induced, shared or were aware of Leslie's ignorance of his possible claim for loss of consortium or of his misapprehension about the legal consequences of signing the release.

██ Consequently, neither NDCC §§ 9–03–13 nor 9–03–14 provides grounds for rescission under § 9–09–02(1). As a result the trial court erred in rescinding the release.[2] Because a new trial was granted on liability alone the award of damages

remained intact. However, because the release is valid, by which Leslie received $750 and released all his claim, the damage award must be modified to exclude the $5,700 awarded Leslie.

We therefore reverse the trial court's order rescinding the release, modify the award of damages, and affirm the order granting a new trial.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.

---

2. The trial court's decision may also be interpreted as setting aside the release because the parties never mutually assented to the release as a complete discharge of Cusey's liability to Leslie, *i.e.*, there was no "purchase of peace." However, this interpretation would not justify setting aside the release. The language in the release clearly discharged Cusey from all liability to Leslie. *See* footnote 1. When the mutual assent of the parties to contract is objectively evident from the writing the contract will be binding, regardless of the subjective misunderstanding of one of the parties. *Amann v. Frederick,* 257 N.W.2d 436 (N.D.1977). Therefore, the release cannot be set aside on the ground of lack of mutual assent.