**Vernon SJOLIN, Plaintiff and Appellee,**

v.

**Henry FROJEN, Defendant and Appellant.**

**Civ. No. 870276CA.**

Court of Appeals of North Dakota.

May 17, 1988.

Paul K. Legler, Fargo, and Eckman, Strandness & Egan, Minneapolis, Minn., for plaintiff and appellee; argued by Paul A. Strandness.

Johnson, Johnson, Stokes, Sandberg & Kragness, Ltd., Wahpeton, for defendant and appellant; argued by A.W. Stokes.

PER CURIAM.

The defendant, Henry Frojen, appeals from a district court order granting the

plaintiff, Vernon Sjolin, a new trial. We affirm.

This lawsuit arose out of an accident occurring on Frojen's farm in Dickey County on September 5, 1983, when, during the course of Sjolin's employment with Frojen, Frojen asked Sjolin to help push a stalled grain truck with a pickup. Because the bumpers of the grain truck and pickup were not the same height, Frojen decided to place a cast iron pipe lengthways between the bumpers and push the grain truck with the pickup. According to Frojen's plan, Frojen would back the pickup into position while Sjolin held the pipe between the vehicles, and when the initial pressure of the vehicles held the pipe in place, Sjolin would leave the area between the vehicles so that Frojen could continue to back the pickup.

On the first attempt the vehicles were not properly aligned and the pipe slipped. On the second attempt, the pipe again slipped and Sjolin's back was injured when he was pinned between the two vehicles. Sjolin testified that he placed the pipe between the two vehicles and that after the pipe slipped Frojen rapidly accelerated the pickup without giving him sufficient time to get out from between the vehicles. Frojen testified that although he was in a hurry to move the grain truck, he waited a few seconds to give Sjolin time to get out from between the vehicles and then started to accelerate the pickup to push the grain truck. Frojen admitted that his vision out of the rear window of the pickup was poor and that he assumed Sjolin had left the area between the vehicles when he started to accelerate the pickup. Frojen also testified that when he started to accelerate the pickup, he did not see Sjolin. Frojen further testified that that method of moving the grain truck was "not dangerous if the driver is watching."

Sjolin was hospitalized for ten days with injuries to his upper back. At the end of that hospitalization, Sjolin began experiencing pain in his left leg and lower back and was referred to Dr. Harry Porphyris. On November 7, 1983, Dr. Porphyris performed surgery for an extruded disc between Sjolin's fourth and fifth vertebrae which had resulted in nerve blockage in his lower back. Dr. Porphyris testified that Sjolin's injuries were causally related to the September 5, 1983, accident and that Sjolin had suffered sixty percent impairment of the spine and thirty percent impairment of the whole body. Dr. Porphyris admitted that the medical records of the initial examining physician indicated that Sjolin's injuries were in his upper chest and that initially there were no complaints about his lower back. Dr. Porphyris testified that, prior to the accident, Sjolin had a very advanced case of "spondylosis" but that Sjolin had experienced no problems because of that condition. Dr. Porphyris also testified that Sjolin's injuries could have occurred notwithstanding the accident.

The jury returned a special verdict, finding that Sjolin and Frojen were each fifty percent negligent and that Sjolin sustained damages in the amount of "none." Sjolin moved for a new trial under Rule 59(b)(6), N.D.R.Civ.P., contending that the evidence was insufficient to justify the verdict. The district court granted Sjolin's motion for a new trial, concluding that the verdict was "not only unsupported by the evidence and contrary to the law, but an active injustice." Frojen has appealed.

The sole issue presented on appeal is whether or not the trial court abused its discretion in granting a new trial.

In *Okken v. Okken,* 325 N.W.2d 264, 269 (N.D.1982), the North Dakota Supreme Court outlined the standards for trial courts to follow in assessing motions for a new trial:

"If, on the other hand, the motion is for a new trial, the trial judge has a certain amount of discretion in viewing the evidence. Here, the trial court may, within limits, weigh the evidence and judge the credibility of witnesses.... In particular, when a motion for a new trial is made and the reason given in support of the motion is that there was insufficient evidence to justify the verdict, the moving party is asking the trial court to decide whether or not the verdict is against the weight of the evidence. And

in making this decision, the trial judge must weigh the evidence ...; he must consider that evidence which supports the verdict equally with that evidence which challenges the verdict. In short, when ruling on a motion for a new trial, the trial judge may consider *all* the evidence." [Citations omitted.]

A motion for a new trial under Rule 59(b), N.D.R.Civ.P., is addressed to the sound discretion of the trial court and its decision to grant a new trial will not be disturbed on appeal absent a showing of a manifest abuse of discretion. *Okken v. Okken, supra.* In *Cook v. Stenslie*, 251 N.W.2d 393 (N.D.1977), the North Dakota Supreme Court noted the distinction between the trial court's power to exercise its discretion in granting a motion for a new trial and the appellate court's review of that action which is limited to whether the granting of the motion was an abuse of discretion. An abuse of discretion occurs when the trial court acts unreasonably, arbitrarily, or unconscionably. *Okken v. Okken, supra.*

Because the denial of a new trial brings the case to an end, whereas the granting of a new trial affords the parties an opportunity to submit the case to another jury, a strong showing that the trial court abused its discretion in granting the motion for a new trial is required before such an order will be reversed. *Cook v. Stenslie, supra.* The North Dakota Supreme Court has said that it will "uphold the granting of a new trial even though the trial court would have been justified in reaching a different conclusion, and even though [it] might have deemed a different conclusion the better one." *Lange v. Cusey*, 379 N.W.2d 775, 777 (N.D.1985).

In this case Frojen argues that the trial court disagreed with the facts as found by the jury and, in granting the motion for a new trial, invaded the fact-finding province of the jury. Sjolin responds that the trial court did not invade the province of the jury and acted within its discretion in assessing the evidence and credibility of the witnesses and determining that the weight of the evidence simply did not support the jury's finding of no damages and equal negligence by Sjolin and Frojen.

After reviewing the record and considering the applicable standard of review for the granting of a new trial, which gives due deference to the trial court's margin of discretion in deciding a motion for a new trial and keeping in mind that the trial judge may consider and weigh all the evidence and judge the credibility of witnesses, we conclude that the trial court did not act arbitrarily, capriciously, or unreasonably in granting Sjolin's motion for a new trial. We therefore conclude that the trial court did not abuse its discretion in granting a new trial.

The trial court's order is affirmed.

JOHN O. GARAAS, Chief Surrogate Judge, and LARRY M. HATCH and WILLIAM M. BEEDE, District Judges, concur.